ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
NATALIE L. WINSLOW, ESQ.
Nevada Bar No. 12125
AKERMAN LLP
1160 Town Center Drive, Suite 330
Las Vegas, Nevada 89144
Telephone:   (702) 634-5000
Facsimile:    (702) 380-8572
Email: ariel.stern@akerman.com
Email: natalie.winslow@akerman.com

*Attorneys for Defendants Nationstar Mortgage, LLC and Wells Fargo Bank, N.A., individually and as Trustee for the Holders of the Banc of America Alternative Loan Trust 2003-7 Mortgage Pass Through Certificates, Series 2003-2007*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DALE DOWERS, an individual; and DEBRA DOWERS, an individual,<br><br>                              Plaintiff,<br><br>v.<br><br>NATIONSTAR MORTGAGE LLC, a Delaware limited liability company; WELLS FARGO BANK MINNESOTA, NATIONAL ASSOCIATION, a national banking association, individually and as Trustee for holders of the Banc of America Alternative Loan Trust 2003-7 Mortgage Pass-through Certificates, Series 2003-2007; DOES 1 through 25, and ROE BUSINESS ENTITIES I through X, inclusive,<br><br>                              Defendants. | Case No.:     A-14-706621-C<br><br>**DEFENDANTS' PETITION FOR REMOVAL OF ACTION TO FEDERAL COURT PURSUANT TO 28 USC §§ 1331, 1332, 1441(B) AND 1446** |

PLEASE TAKE NOTICE that defendants Nationstar Mortgage, LLC (**Nationstar**) and Wells Fargo Bank, N.A., individually and as Trustee for the Holders of the Banc of America Alternative Loan Trust 2003-7 Mortgage Pass-Through Certificates, Series 2003-2007 (collectively, **Wells Fargo**), remove this action filed in the Eighth Judicial District Court of the State of Nevada as

{29693618;1}

case no. A-14-706621-C to this Court pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446. In support of this removal petition, defendants state as follows:

## I. BACKGROUND.

1. On September 5, 2014, plaintiffs commenced an action in the Eighth Judicial District Court of Nevada styled "*Dale Dowers and Debra Dowers, Plaintiffs, v. Nationstar Mortgage, LLC, Wells Fargo Bank Minnesota, National Association, individually and as Trustee for the holders of the Banc of America Alternative Loan Trust 2003-7 Mortgage Pass-through Certificates, Series 2003-2007, DOES 1 through 25 and ROE BUSINESS ENTITIES I through X*," case no. A-14-706621-C.

2. On September 22, 2014, plaintiffs served Nationstar with a summons and complaint. On September 19, 2014, plaintiffs served Wells Fargo with a summons and complaint. Copies of the documents served on the parties are attached as **Exhibit A** pursuant to 28 U.S.C. §1446(a).

## II. FEDERAL QUESTION JURISDICTION.

3. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331. Plaintiffs allege causes of action arising under federal law for: 1) violation of 15 U.S.C § 1692c(a)(2); 2) violation of 15 U.S.C § 1692d; 3) violation of 15 U.S.C. § 1692e; and 4) violation of 15 U.S.C. § 1692f(6). Ex. A. at ¶¶ 56-75.

4. The Court may exercise supplemental jurisdiction under 28 U.S.C. § 1367 for plaintiffs' remaining causes of action for: 1) intentional infliction of emotional distress; and 2) deceptive trade practices. Ex. A at ¶¶ 76-87.

## III. DIVERSITY JURISDICTION.

### A. Diversity of Citizenship

5. Plaintiffs are citizens of Nevada. Ex. A at ¶¶ 1, 47; Ex. A at Ex. 1-2 (note and deed of trust). Plaintiffs are the owners of the subject property at issue in this litigation, commonly known as 9480 Tournament Canyon Drive, Las Vegas, Nevada 89144.

6. Nationstar is a Delaware limited liability company. Nationstar's members are Nationstar Sub1, LLC and Nationstar Sub2, LLC. Nationstar Sub1, LLC and Nationstar Sub2, LLC are both wholly-owned subsidiaries of Nationstar Mortgage Holdings, Inc. Nationstar Mortgage Holdings, Inc. is a Delaware corporation, with a principal place of business in Texas. Accordingly, Nationstar

{29693618;1}2

1  is not a Nevada citizen for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332; *Johnson v. Columbia Props. Anchorage LP*, 437 F.3d 894, 899 (9th Cir. 2006) (a limited liability company "is a citizen of every state of which its owners/members are citizens").

7. Wells Fargo Bank Minnesota, N.A. merged into Wells Fargo Bank, N.A. in February of 2004.[1] Wells Fargo Bank, N.A. is a national banking association. It is a citizen of South Dakota because its articles of organization describe that state as the home of its main office. *See* 28 U.S.C. § 1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006).

8. For removal purposes, the citizenship of DOES 1 through 25 and ROE BUSINESS ENTITIES I through X are disregarded. *See* 28 U.S.C. § 1441(a).

### B.  Amount in Controversy

9. Plaintiffs obtained a loan to refinance the property located at 9480 Tournament Canyon Drive, Las Vegas, Nevada 89144 on or about May 29, 2003. Ex. A at Ex. 1-2. Plaintiffs borrowed $897,500.00 to refinance the property, which was secured by a first position deed of trust. *Id*.

10. Plaintiffs claim that "[d]efendants' conduct has damaged Mr. and Mrs. Dowers in an amount sufficient to pay off the Note." *Id*. at ¶ 51. Plaintiffs also claim that, "[i]n addition to the foregoing damages, Mr. and Mrs. Dowers have been damaged by approximately $100,000, consisting of costs of sale of the Home, and also costs of moving their residence." *Id*. at ¶ 52.

11. In addition, plaintiffs seek punitive damages[2] and attorneys' fees.[3] Ex. A at Prayer for Relief.

---

[1] On September 18, 2014, plaintiffs filed in the Eighth Judicial District Court action a "notice of substitution and designation of Wells Fargo Bank, N.A. as defendant Roe Business Entity I." *See* Ex. B, *infra*.

[2] A court evaluating the potential impact of claims for punitive damages on the amount in controversy may consider punitive damage awards rendered in other, similar cases. *See, e.g., Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995). Because the facts of each case are different, the amount of the verdict rendered in one case is not necessarily indicative of what will or might occur in this case. But the case law shows that even where contract damages are minimal, Nevada juries have awarded significant punitive damages. *See, e. g., Bartgis*, 969 P.2d 949 (jury awarded $7.5 million in punitive damages; court approved punitive damages of $3.75 million); *Republic Ins. Co.*, 810 P.2d 790 (1991) (jury awarded $22.5 million in punitive damages; court approved punitive damages of $5 million); *Guar. Nat'l Ins. Co. v. Potter*, 912 P.2d 267 (1996) (jury awarded $1 million in punitive damages; court approved punitive damages of $250,000); *Ainsworth*, 763 P.2d 673 (medical benefits valued at $9,600.00 resulted in a jury verdict of $200,000 of compensatory damages and over $5.9 million in punitive damages); *United Fire Ins. Co. v. McClelland*, 780 P.2d 193 (1989) (award of $500,000.00 in punitive damages and $143,000.00 in compensatory damages); *Powers*, 962 P.2d at 618 n.8 (awarding $397,000.00 in general damages, $5 million punitive damages); *Gen. Builders v. GAIC*, 934 P.2d 257, 260 (1997) (awarding $947,566.00 in general damages and $2.5 million in punitive damages); *Merrick v. Paul Revere Life Ins. Co.*, 594 F. Supp. 2d 1168 (D. Nev. 2008) (awarding

12. For all of the above reasons, plaintiffs' complaint places more than $75,000.00 in controversy.

## IV.     THE REMOVAL IS TIMELY.

13. Plaintiffs filed this action in the Eighth Judicial District Court, Clark County, Nevada on September 5, 2014.  Nationstar was served with process on September 22, 2014.  Wells Fargo was served with process on September 19, 2014.  This notice is filed on October 9, 2014.  This notice is timely-filed within the 30-day period for removal.

14. This Court has federal question jurisdiction over this matter under 28 U.S.C. § 1331.  This Court also has diversity jurisdiction over this matter under 28 U.S.C. § 1332.  Removal is proper pursuant to 28 U.S.C. § 1441.

15. Defendants have attached to this notice as **Exhibit B** copies of all process, pleadings, and orders filed with the state court prior to the filing of this removal petition.  Defendants will concurrently file a notice of removal in the Eighth Judicial District Court for Clark County, Nevada.  Defendants have also served a copy of this removal petition on plaintiffs' counsel of record.

## V.     CONCLUSION.

Defendants do not waive any objections they may have as to service, jurisdiction, or venue,

/ / /

/ / /

/ / /

/ / /

/ / /

---

$1,147,355.00 for past unpaid benefits, $500,000.00 for mental and emotional distress, $24 million in punitive damages from Paul Revere, and over $26 million in punitive damages from UnumProvident); *see also Indus. Indem. Ins. v. Helms*, CV-A-8056-HDM, (D. Nev. 1994) (unpublished disposition) (awarding $8.5 million in general damages and $30 million in punitive damages); *Barney v. Workams Auto Ins.*, CV 96-05481 (D. Nev. May 7, 2001) (awarding $194,382.00 in compensatory damages and $500,000.00 in punitive damages); *Crimmins v. Am. Nat'l Ins. Co.* (D. Nev. May 27, 2003) (awarding $983,000.00 in compensatory damages and $650,000.00 in punitive damages).

[3] Attorney's fees are considered for purposes of determining the amount of controversy. *See Corral v. Homeeq Servicing Corp.*, No. 2:10-cv-00465-GMN-RJJ, 2010 WL 3927660, at *3 (D. Nev. Oct. 6, 2010) (noting that the amount in controversy may include compensatory damages and attorney's fees); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998).

{29693618;1}4

or any other defenses or objections they have to this action. Defendants intend no admission of fact, law, or liability by this removal petition, and expressly reserve all defenses, motions, and/or pleas.

DATED this 13th day of October, 2014.

**AKERMAN LLP**

/s/ Natalie L. Winslow
ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
NATALIE L. WINSLOW, ESQ.
Nevada Bar No. 12125
1160 Town Center Drive, Suite 330
Las Vegas, Nevada 89144

*Attorneys for Defendants Nationstar Mortgage, LLC and Wells Fargo Bank, N.A., individually and as Trustee for the Holders of the Banc of America Alternative Loan Trust 2003-7 Mortgage Pass Through Certificates, Series 2003-2007*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 13th day of October, 2014 and pursuant to FRCP 5, I served through the electronic filing system and/or deposited for mailing in the U.S. Mail a true and correct copy of the foregoing **DEFENDANTS' PETITION FOR REMOVAL OF ACTION TO FEDERAL COURT PURSUANT TO 28 USC §§ 1331, 1332, 1441(B) AND 1446**, postage prepaid and addressed to:

Jay A. Shafer, Esq.
PREMIER LEGAL GROUP
1333 No. Buffalo Drive, Suite 210
Las Vegas, Nevada 89128

Mark C. Fields, Esq.
LAW OFFICES OF MARK C. FIELDS, APC
333 So. Hope Street, 35th Floor
Los Angeles, California  90071

*Attorneys for Plaintiffs*

/s/ Debbie Julien
An employee of AKERMAN LLP

{29693618;1} 6