ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
NATALIE L. WINSLOW, ESQ.
Nevada Bar No. 12125
AKERMAN LLP
1160 Town Center Drive, Suite 330
Las Vegas, Nevada 89144
Telephone:   (702) 634-5000
Facsimile:   (702) 380-8572
Email: ariel.stern@akerman.com
Email: natalie.winslow@akerman.com

*Attorneys for Defendants Nationstar Mortgage, LLC
and Wells Fargo Bank, N.A., individually and as
Trustee for the Holders of the Banc of America
Alternative Loan Trust 2003-7 Mortgage Pass
Through Certificates, Series 2003-2007*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DALE DOWERS, an individual; and DEBRA DOWERS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>NATIONSTAR MORTGAGE LLC, a Delaware limited liability company; WELLS FARGO BANK MINNESOTA, NATIONAL ASSOCIATION, a national banking association, individually and as Trustee for holders of the Banc of America Alternative Loan Trust 2003-7 Mortgage Pass-through Certificates, Series 2003-2007; DOES 1 through 25, and ROE BUSINESS ENTITIES I through X, inclusive,<br><br>Defendants. | Case No.: 2:14-cv-01679-JCM-PAL<br><br>**DEFENDANTS' MOTION TO DISMISS COMPLAINT WITH PREJUDICE** |

Defendants Nationstar Mortgage, LLC (**Nationstar**) and Wells Fargo Bank, N.A., individually and as Trustee for the Holders of the Banc of America Alternative Loan Trust 2003-7 Mortgage Pass-Through Certificates, Series 2003-2007 (collectively, **Wells Fargo**), move to dismiss plaintiffs Dale and Debra Dowers's complaint under Federal Rule of Civil Procedure 12(b)(6).

{29739348;1}

## I. INTRODUCTION.

Plaintiffs borrowed $897,500.00 to refinance a home. When plaintiffs defaulted on their obligations, they sued defendants. Plaintiffs sue for various violations of the Fair Debt Collections Practices Act (the **FDCPA**), intentional infliction of emotional distress, and deceptive trade practices. These claims fail for multiple reasons.

**First**, plaintiffs base their FDCPA claims on defendants' initiation of non-judicial foreclosure of the home they are currently selling. Defendants cannot be liable under the FDCPA because non-judicial foreclosure is not a protected activity under the FDCPA. In addition, defendants—Nationstar, the mortgage servicer, and Wells Fargo, the owner of the loan—are not "debt collectors" as that term is defined by the FDCPA.

**Second**, plaintiffs cannot show any "extreme and outrageous conduct" on the part of defendants. Defendants initiated foreclosure after plaintiffs failed to meet their obligations under the loan agreement and deed of trust. Initiation of foreclosure does not give rise to an intentional infliction of emotional distress claim.

**Third**, plaintiffs' deceptive trade practices claim fails the particularity requirement of Rule 9(b). Further, as this Court has previously held, the deceptive trade practices act is inapplicable to real estate transactions.

For each of these reasons, the Court should grant defendants' motion to dismiss the complaint with prejudice.

## II. STATEMENT OF FACTS.

### A. The Deed of Trust History

In April of 2000, plaintiffs purchased property located at 9408 Tournament Canyon Drive, Las Vegas, Nevada 89134. **Ex. A**.[1] They secured their purchase with a deed of trust against the property for $665,000.00. *Id*. Plaintiffs refinanced the loan multiple times, including on May 29,

---

[1] Defendants request the Court take judicial notice of the exhibits which are properly recorded public records, along with the bankruptcy court's docket and order terminating the automatic stay in plaintiffs' prior bankruptcy. The Court may take judicial notice of facts commonly known in its jurisdiction, as well as facts "[c]apable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, so that the fact is not subject to reasonable dispute." NRS 47.130.

{29739348;1} 2

2003, when they refinanced with a $897,500.00 deed of trust against the property. **Ex. B**. On January 28, 2010, after plaintiffs failed to meet their obligations under the deed of trust, the lender Bank of America, through its agent ReconTrust Company, N.A., recorded a notice of default. **Ex. C**. On February 10, 2010, an assignment of the deed of trust from Bank of America to Wells Fargo Bank Minnesota, National Association, as Trustee for the Certificateholders of Banc of America Alternative Loan Trust 2003-7 Mortgage Pass-Through Certificates, Series 2003-7 was recorded. **Ex. D**. On the same date, Wells Fargo Bank Minnesota, National Association formally substituted ReconTrust as trustee under the deed of trust. **Ex. E**. ReconTrust rescinded the notice of default on August 9, 2011. **Ex. F**.

On September 23, 2013, Bank of America, as attorney in fact for Wells Fargo Bank, N.A., substituted MTC Financial Inc. dba Trustee Corps as trustee under the deed of trust. **Ex. G**. Trustee Corps recorded a second notice of default on September 30, 2013. **Ex. H**.

Nationstar is the current servicer under the deed of trust. Compl., ECF No. 1-1 at ¶ 11.

### B.  The Bankruptcy

Plaintiffs filed for chapter 7 bankruptcy on April 12, 2010. **Ex. I**; *see also* ECF No. 1-1 at ¶ 12. On August 31, 2010, the bankruptcy court entered an order terminating the automatic stay to allow Wells Fargo Bank Minnesota, N.A. to foreclose on the property. **Ex. J**.

### C.  The Foreclosure Mediation

On February 4, 2014, plaintiffs and the beneficiary under the deed of trust participated in a foreclosure mediation. Compl., ECF No. 1-1 at Ex. 7. The mediator recommended that the certificate not issue. *Id*. Accordingly, Trustee Corps rescinded the notice on July 16, 2014. **Ex. K**. Plaintiffs did not timely pursue a petition for judicial review or take any other action as a result of the failed mediation.

## III.  LEGAL STANDARD.

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual

{29739348;1}3

allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555.  Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal citation omitted).

Here, plaintiffs' factual allegations fail to state a plausible claim for relief against defendants for: **(1)** violation of 15 U.S.C. § 1692c(a)(2); **(2)** violation of 15 U.S.C. § 1692d; **(3)** violation of 15 U.S.C. § 1692e; **(4)** violation of 15 U.S.C. § 1692f(6); **(5)** intentional infliction of emotional distress; or **(6)** deceptive trade practices.  Their claims should be dismissed as a matter of law.

## IV.  DEFENDANTS CANNOT BE LIABLE UNDER THE FDCPA.

The FDCPA is inapplicable to this action.  **First**, "[i]t is well established that non judicial foreclosures are not an attempt to collect a debt under the Fair Debt Collection Practice Act and similar state statutes." *Rinehold v. Indymac Bank, FSB*, No. 3:10-cv-0476-LRH-VPC, 2011 WL 13856, at *2 (D. Nev. Jan. 4, 2011) (citing *Hulse v. Ocwen Fed. Bank FSB*, 195 F. Supp. 2d 1188 (D. Or. 2002); *Charov v. Perry*, 2010 U.S. Dist. LEXIS 65798 (D. Nev. 2010) (holding the recording of a notice of default is not an attempt to collect a debt because the borrower already consented to allow the foreclosure trustee to record the notice upon default)); *accord Camacho-Villa v. Great W. Home Loans*, No. 3:10-cv-210-ECR-VCP, 2011 WL 1103681, at *4 (D. Nev. Mar. 23, 2011).

Here, plaintiffs concede their FDCPA claims are related to the non-judicial foreclosure of the property.  *See, e.g.*, ECF No. 1-1 at ¶ 72 ("Defendants have repeatedly violated 15 U.S.C. § 1692f(6), by perpetrating Defendants' Harassment/Lying Campaign, as alleged *supra*, including *by repeatedly threatening a non-judicial foreclosure sale*. . . .").  Because a non-judicial foreclosure falls outside the context of the FDCPA, plaintiffs cannot sustain their FDCPA claims in this action.

**Second**, for a defendant to be liable for a violation of the FDCPA, it "must—as a threshold requirement—be a 'debt collector' within the meaning of the Act." *Gallegos v. ReconTrust Co.*, No. 08-cv-2245-WQH-LSP, 2009 WL 215406, at *3 (S.D. Cal. Jan. 29, 2009) (citing *Heintz v. Jenkins*,

{29739348;1}4

514 U.S. 291, 294 (1995)). "A 'debt collector' under the FDCPA is a person who collects or attempts to collect debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). This definition excludes a creditor from liability under the FDCPA for attempting to collect its own debt. *See, e.g., McCurdy v. Wells Fargo Bank, N.A.*, No. 2:10-cv-880-RLH, 2010 WL 4102943, at *3 (D. Nev. Oct. 18, 2010). Wells Fargo, as assignee under the deed of trust, is attempting to collect its own debt. And, as a matter of law, a mortgage servicer such as Nationstar is not a debt collector under the FDCPA. *Rinehold*, 2011 WL 13856, at *2. This Court, in a similar case, has affirmed this point of law. Order, ECF No. 17, *Long v. Bank of America Home Loans Servicing LP et al.*, No. 2:10-cv-00915-JCM-PAL (Aug. 9, 2010). ("Defendant BAC HLS is a mortgage servicing company. Therefore, it is not a debt collector under the FDCPA and not subject to penalties therein.").

Plaintiffs' claims for violation of 15 U.S.C. § 1692c(a)(2) (first claim for relief); violation of 15 U.S.C. § 1692d (second claim for relief); violation of 15 U.S.C. § 1692e (third claim for relief); and violation of 15 U.S.C. § 1692f(6) (fourth claim for relief) should be dismissed.

### V.   PLAINTIFFS' CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS FAILS.

Plaintiffs' fifth claim is for intentional infliction of emotional distress. The elements of a claim for relief for intentional infliction of emotional distress (**IIED**) are: (1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress, (2) plaintiffs having suffered severe or extreme emotional distress, and (3) actual or proximate causation. *Dillard Dep't Stores, Inc. v. Beckwith*, 989 P.2d 882, 886 (Nev. 1999). Nevada's supreme court has imposed a high threshold for IIED claims, concluding that they apply only to "extreme and outrageous conduct . . . which is 'outside all possible bounds of decency' and is regarded as 'utterly intolerable in a civilized community.'" *Maduike v. Agency Rent-a-Car*, 953 P.2d 24, 26 (Nev. 1998) ("[P]ersons must necessarily be expected and required to be hardened . . . to occasional acts that are definitely inconsiderate and unkind.").

Plaintiffs' IIED claim is premised on vague "Harassment/Lying Campaign" allegations that defendants somehow harassed plaintiffs by attempting to foreclose—a remedy set forth in the $800,000.00 deed of trust plaintiffs agreed to. Ex. B. As noted above, defendants cannot be liable

under the FDCPA because a non-judicial foreclosure falls outside the context of the FDCPA, and defendants are not debt collectors.  And, despite that plaintiffs appear to allege that due to plaintiffs' prior bankruptcy and the failed foreclosure mediation, defendants were not allowed to foreclose, that allegation is incorrect:  Wells Fargo obtained an order terminating the automatic stay to foreclose, and in any event, the bankruptcy is now closed.  The secured lien passed through the bankruptcy unaffected.  *In re Brawders*, 503 F.3d 856, 867-68 (9th Cir. 2007).

Plaintiffs' allegations based on the failed foreclosure mediation are similarly meritless.  The mediator recommended the certificate not issue, and the notice of default was rescinded.  Simply because one notice of default was rescinded does not mean that defendants cannot later initiate a foreclosure based on plaintiffs' default under the deed of trust.  And, to date, defendants have not recorded another notice of default against the property.  Plaintiffs cannot speculate that a future foreclosure will cause them intentional infliction of emotional distress.

Defendants did not engage in any extreme or outrageous conduct sufficient to substantiate an IIED claim.  Rather, they attempted to enforce the loan agreement and deed of trust following plaintiffs' default.  Plaintiffs' IIED claim should be dismissed.

## V.  PLAINTIFFS' CLAIM FOR DECEPTIVE TRADE PRACTICES FAILS.

Plaintiffs' claim for deceptive trade practices "pursuant to Chapter 598 of the NRS" fails because the chapter does not apply to real estate transactions, and plaintiffs fail to plead their claim with the particularity required by Rule 9(b).

### A.   Chapter 598 is Inapplicable to Real Estate Transactions

As this Court has determined, the deceptive trade practices act, codified at NRS Chapter 598, only applies to transactions for the lease or sale of goods or services—it does not apply to real estate transactions.  *Fung Ying Leung v. Mortgage Elec. Registration Sys., Inc.*, No. 2:12-cv-1393-JCM-VCF, 2013 WL 237225, at *3 (D. Nev. Jan. 22, 2013) ("NRS 598 is not made expressly applicable in the context of obtaining a home loan secured by real property or the foreclosure thereof . . . . Plaintiffs' claim here fails for the same reason—the assignments do not relate to a consumer transaction.").  *See also Rodriguez v. Bank of Am. Corp.*, No. 2:11-cv-01877-ECR-CWH, 2012 WL 3277108, at *2 (D. Nev. Aug. 8, 2012) ("While it is not readily apparent from the text of the statute,

Courts in this jurisdiction have routinely held that the Nevada Deceptive Trade Practices Act does not apply to mortgage transactions and real estate, but only to transactions of goods and services."); *Tello v. Bank of Am., N.A.*, No. 2:12-cv-01040-GMN, NJK, 2013 WL 1338286, at *5 (D. Nev. Mar. 29, 2013); *Reyna v. Wells Fargo Bank, N.A.*, No. 2:10-cv-01730-KJD-RJJ, 2011 WL 2690087, at *9 (D. Nev. July 11, 2011); *Parker v. Greenpoint Mortgage Funding*, No. 3:11-cv-00039-ECR-RAM (D. Nev. July 15, 2011); *Dela Cruz v. HSBC Bank USA, N.A.*, No. 2:12-cv-01283-MMD-PAL, 2012 3536793, at *4 (D. Nev. Aug. 15, 2012). In *Dela Cruz*, the court specifically held:

> [NRS §§ 598, *et seq*.], including NRS § 598.0915 and NRS § 598.092, deal with goods and services, not real estate. *See* NRS § 598.0915(1)-(15) (2011) (describing deceptive trade practices dealing with goods or services); NRS § 598.092(8) (2011) (same); *see also Reyna v. Wells Fargo Bank, N.A.*, No. 10-1730, 2011 WL 2690087, at *9 (D. Nev. July 11, 2011) (finding that NRS § 598 only applies to goods and services and not real estate transactions); *Alexander v. Aurora Loan Serv.*, No. 09-1790, 2010 WL 2773796, at *2 (D. Nev. July 8, 2012) (finding that NRS § 598 does not provide relief for claims that deal with real estate transactions because NRS § 598 is for the sale of goods and services).

*Id*.

Plaintiffs complain defendants violated the deceptive trade practices act by proceeding with foreclosure of their property. This is a claim related to a real estate transaction, not the sale of goods and services. Plaintiffs' allegations therefore fall outside of the scope of NRS Chapter 598.

**B.     Plaintiffs Do Not Properly Plead a Claim for Fraud**

Plaintiffs also fail to plead the deceptive trade practices act claim with the requisite particularity. A properly-pled fraud claim must allow the court to draw a reasonable inference of liability. *McCurdy v. Wells Fargo Bank, N.A.*, No. 2:10-CV-00880-RLH, 2010 WL 4102943, at *3 (D. Nev. Oct. 18, 2010). A plaintiff suing under Chapter 598 must "identify any relevant subsection in [the] statute." *Huggins v. Quality Loan Servicing, LP*, No. 2:10-cv-1232-LDG-PAL, 2011 WL 310490, at *4 (D. Nev. Jan. 27, 2011). "There are several ways in which a person could engage in a deceptive trade practice under those statutes. However, Plaintiffs do not clarify which provision the defendants have violated on the face of the Complaint." *McCurdy*, 2010 WL 4102943, at *3.

Plaintiffs' complaint fails to allege which statute, much less any subsection of any statute, that defendants allegedly violated. This falls short of the particularity Rule 9(b) requires.

## VI. CONCLUSION.

Defendants request the Court dismiss plaintiffs' complaint with prejudice.

DATED this 20th day of October, 2014.

          **AKERMAN LLP**

          /s/ Natalie L. Winslow
          ARIEL E. STERN, ESQ.
          Nevada Bar No. 8276
          NATALIE L. WINSLOW, ESQ.
          Nevada Bar No. 12125
          1160 Town Center Drive, Suite 330
          Las Vegas, Nevada 89144

*Attorneys for Defendants Nationstar Mortgage, LLC and Wells Fargo Bank, N.A., individually and as Trustee for the Holders of the Banc of America Alternative Loan Trust 2003-7 Mortgage Pass Through Certificates, Series 2003-2007*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 20th day of October, 2014 and pursuant to NRCP 5, I served through the electronic filing system ("Wiznet") and/or deposited for mailing in the U.S. Mail a true and correct copy of the foregoing **DEFENDANTS' MOTION TO DISMISS COMPLAINT WITH PREJUDICE**, postage prepaid and addressed to:

Jay A. Shafer, Esq.
PREMIER LEGAL GROUP
1333 No. Buffalo Drive, Suite 210
Las Vegas, Nevada 89128

Mark C. Fields, Esq.
LAW OFFICES OF MARK C. FIELDS, APC
333 So. Hope Street, 35th Floor
Los Angeles, California  90071

*Attorneys for Plaintiffs*

/s/ Debbie Julien
An employee of AKERMAN LLP

{29739348;1} 9