Jay A. Shafer, Esq.
Nevada Bar No. 9184
Premier Legal Group
11333 North Buffalo Drive, Suite 210
Las Vegas, Nevada 89128
Telephone: (702) 794-4411
Fax: (702) 794-4421
jshafer@premierlegalgroup.com
Attorney for Plaintiffs and Appellants,
Dale Dowers and Debra Dowers

Mark C. Fields, Esq.
Nevada Bar No. 008453
Law Offices Of Mark C. Fields, APC
333 South Hope Street, 35th Floor
Los Angeles, California 90071
Telephone: (213) 617-5225
Fax: (213) 629-4520
fields@markfieldslaw.com
Attorney for Plaintiffs and Appellants,
Dale Dowers and Debra Dowers

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DALE DOWERS, an individual; and, DEBRA DOWERS, an individual;<br><br>          Plaintiffs,<br><br>v.<br><br>NATIONSTAR MORTGAGE LLC, a Delaware limited liability company; WELLS FARGO BANK MINNESOTA, NATIONAL ASSOCIATION, a national banking association, individually and as Trustee for holders of the Banc of America Alternative Loan Trust 2003-7 Mortgage Pass-through Certificates, Series 2003-2007; DOES 1 through 25, and ROE BUSINESS ENTITIES I through X, inclusive,<br><br>          Defendants. | Case No.: 2:14-cv-01679-JCM-PAL<br><br>**PLAINTIFFS' DALE DOWERS AND DEBRA DOWERS NOTICE OF APPEAL**<br><br>**REPRESENTATION STATEMENT** |

-1-

## NOTICE OF APPEAL

**NOTICE IS HEREBY GIVEN** that Plaintiffs Dale Dowers and Debra Dowers hereby appeal to the United States Court of Appeals for the Ninth Circuit from the Judgment In A Civil Case entered on December 31, 2014 (a true and correct copy of which is attached hereto as Exhibit 1) and from the Order granting Defendants Motion To Dismiss entered on December 31, 2014 (a true and correct copy of which is attached hereto as Exhibit 2.)

The Defendants in this case are: Nationstar Mortgage LLC, a Delaware limited liability company; Wells Fargo Bank, Minnesota, National Association, a national bank association, individually and as Trustee for holders of the Banc of America Alternative Loan Trust 2003-7 Mortgage Pass-through /Certificates, Series 2003-2007; and, Wells Fargo Bank, N.A., individually and as Trustee for holders of the Banc of America Alternative Loan Trust 2003-7 Mortgage Pass-through /Certificates, Series 2003-2007.

The lawyers for all the Defendants are Ariel E. Stern, Esq. (ariel.stern@akerman.com), Natalie L. Winslow, Esq. (natalie.winslow@akerman.com), Akerman LP, 1160 Town Center Drive, Suite 330, Las Vegas, Nevada 89144; tel: (702) 634-5000.

DATED this 30th day of January, 2015.

LAW OFFICES OF MARK C. FIELDS, APC

By: /s/ Mark C. Fields, Esq
Mark C. Fields, Esq.
Nevada Bar No. 008453
333 South Hope Street, 35th Floor
Los Angeles, California 90071
(213) 617-5225

PREMIER LEGAL GROUP

By: /s/
Jay A. Shafer, Esq.
Nevada Bar No. 9184
1333 North Buffalo Drive, Suite 210
Las Vegas, Nevada 89103
(702) 794-4411

Attorneys for Plaintiffs and Appellants

## REPRESENTATION STATEMENT

The undersigned represents Plaintiffs Dale Dowers and Debra Dowers. Below is a list that shows all of the parties to the action and identifies their counsel by name, firm, address, email and telephone number, pursuant to F.R.A.P. 12(b) and Circuit Rule 3-2(b)

<u>Plaintiffs and Appellants:</u>

    Dale Dowers

    Debra Dowers

<u>Counsel for Plaintiffs and Appellants:</u>

    Jay A. Shafer, Esq.
    (jshafer@premierlegalgroup.com)
    Premier Legal Group
    1133 North Buffalo Drive, Suite 210
    Las Vegas, Nevada 89128
    tel: (702) 794-4411

    Mark C. Fields, Esq.
    (fields@markfieldslaw.com)
    Law Offices Of Mark C. Fields, APC
    333 South Hope Street, 35th Floor
    Los Angeles, California 90071
    tel: (213) 617-5225

<u>Defendants and Appellees:</u>

    Nationstar Mortgage LLC, a Delaware limited liability company

    Wells Fargo Bank, Minnesota, National Association, a national bank association, individually and as Trustee for holders of the Banc of America Alternative Loan Trust 2003-7 Mortgage Pass-through Certificates, Series 2003-2007;

    Wells Fargo Bank, N.A., individually and as Trustee for holders of the Banc of America Alternative Loan Trust 2003-7 Mortgage Pass-through Certificates, Series 2003-2007

///

///

Counsel for Defendants and Appellees:

Ariel E. Stern, Esq.
(ariel.stern@akerman.com)
Natalie L. Winslow
(natalie.winslow@akerman.com)
Akerman LLP
1160 Town Center Drive, Suite 330
Las Vegas, Nevada 89144
tel: (702) 634-5000.

DATED this 30th day of January, 2015.

LAW OFFICES OF MARK C. FIELDS, APC

By: /s/ Mark C. Fields, Esq
Mark C. Fields, Esq.
Nevada Bar No. 008453
333 South Hope Street, 35th Floor
Los Angeles, California 90071
(213) 617-5225

PREMIER LEGAL GROUP

By: /s/
Jay A. Shafer, Esq.
Nevada Bar No. 9184
1333 North Buffalo Drive, Suite 210
Las Vegas, Nevada 89103
(702) 794-4411

Attorneys for Plaintiffs and Appellants

EXHIBIT 1

AO450 (Rev. 5/85) Judgment in a Civil Case

# UNITED STATES DISTRICT COURT

DISTRICT OF     Nevada

DALE DOWERS, et al.,

            Plaintiffs,

V.

NATIONSTAR MORTGAGE LLC, et al.,

            Defendants.

**JUDGMENT IN A CIVIL CASE**

Case Number: 2:14-CV-1679 JCM (PAL)

☐ **Jury Verdict.** This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

☒ **Decision by Court.** This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

☐ **Notice of Acceptance with Offer of Judgment.** A notice of acceptance with offer of judgment has been filed in this case.

IT IS ORDERED AND ADJUDGED

that Judgment is entered in favor of Defendants and against Plaintiffs. This case is dismissed.

12/31/2014             /s/ Lance S. Wilson

Date             Clerk

            /s/ D. Johnson

            (By) Deputy Clerk

EXHIBIT 2

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
\* \* \*

| | |
|---|---|
| DALE DOWERS, et al., | Case No. 2:14-CV-1679 JCM (PAL) |
| Plaintiff(s), | ORDER |
| v. | |
| NATIONSTAR MORTGAGE LLC, et al., | |
| Defendant(s). | |

Presently before the court is a motion to dismiss filed by defendants Nationstar Mortgage, LLC ("Nationstar") and Wells Fargo Bank, N.A. ("Wells Fargo") (hereinafter "defendants"). (Doc. # 4). Plaintiffs Dale and Debra Dowers (hereinafter "plaintiffs") filed a response, (doc. # 7), and defendants filed a reply, (doc. # 11).

I.  **Background**

In April 2000, plaintiffs purchased property located at 9408 Tournament Canyon Drive in Las Vegas, Nevada. They secured their purchase with a deed of trust against the property for $665,000. On May 29, 2003, plaintiffs refinanced the loan with an $897,500 deed of trust.

Plaintiffs then defaulted on their loan payments. On January 28, 2010, Bank of America recorded a notice of default. On February 10, 2010, Bank of America assigned the deed of trust to Wells Fargo. Wells Fargo substituted ReconTrust Company, N.A. ("ReconTrust") as trustee under the deed of trust. ReconTrust rescinded the notice of default on August 9, 2011.

MTC Financial Inc. dba Trustee Corps ("Trustee Corps") was then substituted as trustee under the deed of trust. On September 30, 2013, Trustee Corps recorded a second notice of default. Nationstar is the current servicer under the deed of trust.

James C. Mahan
U.S. District Judge

On April 12, 2010, plaintiffs filed for chapter 7 bankruptcy. On August 31, 2010, the bankruptcy court terminated the automatic stay of foreclosure proceedings. On February 4, 2014, the parties participated in foreclosure mediation. Defendants lacked the required affidavit of certification of documents. As a result, the mediator ruled not to issue a certificate of foreclosure.

On March 25, 2014, Nationstar sent a letter to plaintiffs informing them that it may foreclose on the property if plaintiffs failed to pay the full amount of default. Around this same time, David Dobson called plaintiffs on behalf of Nationstar and "was rude, bullying, and abusive . . . ." (Doc. # 1-1).

On April 2, 2014, plaintiffs' counsel sent Nationstar and Trustee Corps a letter demanding that they cease all communications with plaintiffs. Nationstar continued to contact plaintiffs both by phone and in writing. From May 2014 through June 2014, Nationstar placed written notices on plaintiffs' door. On June 18, 2014, Nationstar sent a mortgage loan statement to plaintiffs.

On June 25, 2014, plaintiffs' counsel sent an email to Nationstar and Trustee Corps demanding removal or rescission of the notice of default in light of the mediator's ruling. On July 16, 2014, Trustee Corps rescinded the second notice of default. On August 26, 2014, Nationstar sent a letter to plaintiffs, again threatening foreclosure.

On September 5, 2014, plaintiffs filed the instant action in state court, alleging intentional infliction of emotional distress, deceptive trade practices, and violations of the Fair Debt Collection Practices Act. (Doc. # 1-1). On October 13, 2014, defendants removed the case to this court on federal question and diversity grounds. (Doc. # 1). Defendants then filed the instant motion.

**II.    Legal Standard**

*i.    12(b)(6) dismissal*

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P.

James C. Mahan
U.S. District Judge

- 2 -

8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678-79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.*

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but it has not shown – that the pleader is entitled to relief." *Id.* at 679 (internal quotations omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

. . .
. . .
. . .
. . .
. . .

Case 2:14-cv-01679-JCM-PAL   Document 12   Filed 12/31/14   Page 4 of 7

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated,

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

ii.   *Rule 9(b)*

Allegations of fraud are subject to a heightened pleading standard. *See* Fed. R. Civ. P. 9(b) ("[A] party must state with particularity the circumstances constituting fraud . . . ."). Rule 9(b) provides that "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

Federal Rule of Civil Procedure 9(b) operates "to give defendants notice of the particular misconduct which is alleged," requiring plaintiffs to identify "the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. 1993) (citations omitted).

### III.   Discussion

i.   *Fair Debt Collection Practices Act*

Plaintiffs assert four causes of action for violations of various subsections of the Fair Debt Collection Practices Act ("FDCPA"). Plaintiffs claim that defendants violated the FDCPA by repeatedly threatening non-judicial foreclosure, contacting plaintiffs after their counsel requested that he be contacted on their behalf, and "perpetrating Defendants' Harassment/Lying Campaign." (Doc. # 1-1).

Defendants move to dismiss these claims on the grounds that (1) defendants cannot be liable under the FDCPA for actions arising out of a non-judicial foreclosure, and (2) defendants are not debt collectors within the meaning of the FDCPA. (Doc. # 4).

The FDCPA provides protection from abusive debt collection practices. 15 U.S.C. § 1692 *et seq.* "It is well established that non judicial foreclosures are not an attempt to collect a debt under the Fair Debt Collection Practice Act and similar statutes." *Rinehold v. Indymac Bank, FSB*, 3:10-cv-0476-LRH-VPC, 2011 WL 13856, at *2 (D. Nev. Jan. 4, 2011).

Plaintiffs argue that the FDCPA covers their claims because defendants' pattern of abusive conduct was unrelated to foreclosure attempts. (Doc. # 7). Plaintiffs claim that defendants lied, harassed, intimidated, and improperly contacted them. However, all of the allegedly wrongful conduct cited in plaintiffs' complaint relates to the loan at issue and Wells Fargo's potential foreclosure. (Doc. # 1-1).

In support of their claims, plaintiffs cite a case from the Northern District of California denying dismissal of FDCPA claims relating to the loan modification process. *See Rockridge Trust v. Wells Fargo, N.A.*, 985 F. Supp. 2d 1110, 1137 (N.D. Cal. 2013). While it may be true that "banks and loan servicing agents can be held liable for violation of the FDCPA for steps taken prior to the initiation of the recordation of a notice of default to initiate a non-judicial foreclosure," plaintiffs' complaint does not allege such action. Instead, plaintiffs' allegations center on "the execution of the nonjudicial foreclosure process." *Id.* Therefore, relief under the FDCPA is not warranted.

For these reasons, the court finds that plaintiffs' claims under the FDCPA fail, as they relate to non-judicial foreclosure attempts. In light of this holding, the court need not address whether defendants qualify as debt collectors under the act. Plaintiffs' first, second, third, and fourth causes of action will be dismissed.

    ii.    *Intentional infliction of emotional distress*

Plaintiffs' complaint also includes a cause of action for intentional infliction of emotional distress ("IIED"). (Doc. # 1-1). Plaintiffs allege that defendants intentionally engaged in a "harassment/lying campaign" to cause distress to plaintiffs, and that this distress led plaintiffs to leave their "dream home" in Las Vegas. (Doc. # 1-1). Plaintiffs state that "Mrs. Dowers frequently cries herself to sleep from the abuse, stress, uncertainty, and lies she has suffered at the hands of Defendants." (Doc. # 1-1).

James C. Mahan
U.S. District Judge

To establish an IIED claim, plaintiffs must prove: (1) defendant engaged in "extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress; (2) [plaintiffs] suffered severe or extreme emotional distress; and (3) actual or proximate causation." *Posadas v. City of Reno*, 851 P.2d 438, 444 (Nev. 1993).

In Nevada, "extreme and outrageous conduct is that which is outside all possible bounds of decency and is regarded as utterly intolerable in a civilized community." *Maduike v. Agency Rent-A-Car*, 953 P.2d 24, 26 (Nev. 1998) (internal quotation marks omitted).

Plaintiffs fail to state a plausible claim for IIED. Plaintiffs' only allegations against defendants are that they threatened to foreclose on the property. While plaintiffs allege that defendants harassed plaintiffs by making threatening phone calls and posting notices, this conduct does not rise to the level of extreme and outrageous conduct.

Further, while plaintiffs allege that defendants' conduct upset them and caused them stress, this does not constitute extreme emotional distress for purposes of an IIED claim. Accordingly, plaintiffs' fifth cause of action will be dismissed.

### iii.  *Deceptive trade practices*

Plaintiffs finally include a cause of action for deceptive trade practices pursuant to Nevada Revised Statute chapter 598. Plaintiffs contend that defendants have violated this section by making false and fraudulent representations in their trade behavior.

Defendants move to dismiss this claim on the grounds that (1) NRS chapter 598 is inapplicable to real estate transactions, and (2) plaintiffs fail to plead with particularity as required by Rule 9(b). (Doc. # 4).

As defendants note, this court has previously dismissed comparable claims because the Deceptive Trade Practices Act does not cover real estate transactions. *See Fung Ying Leung v. Mortg. Elec. Registration Sys., Inc.*, No. 2:12-cv-1393-JCM-VCF, 2013 WL 237225, at *3 (D. Nev. Jan. 22, 2013).

"NRS 598 governs deceptive trade practices in the sale and lease of consumer goods and services. NRS 598 is not made expressly applicable in the context of obtaining a home loan secured by real property or the foreclosure thereof." *Id.* (citing similar cases in this jurisdiction

James C. Mahan
U.S. District Judge