ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
JAMIE K. COMBS, ESQ.
Nevada Bar No. 13088
AKERMAN LLP
1160 Town Center Drive, Suite 330
Las Vegas, Nevada 89144
Telephone:   (702) 634-5000
Facsimile:    (702) 380-8572
Email: ariel.stern@akerman.com
Email: jamie.combs@akerman.com

*Attorneys for Defendants Nationstar Mortgage, LLC and Wells Fargo Bank, N.A., individually and as Trustee for the Holders of the Banc of America Alternative  Loan Trust 2003-7 Mortgage Pass Through Certificates, Series 2003-2007*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DALE DOWERS, an individual; and DEBRA DOWERS, an individual, <br><br> Plaintiff, <br><br> v. <br><br> NATIONSTAR MORTGAGE LLC, a Delaware limited liability company; WELLS FARGO BANK MINNESOTA, NATIONAL ASSOCIATION, a national banking association, individually and as Trustee for holders of the Banc of America Alternative Loan Trust 2003-7 Mortgage Pass-through Certificates, Series 2003-2007; DOES 1 through 25, and ROE BUSINESS ENTITIES I through X, inclusive, <br><br> Defendants. | Case No.: 2:14-cv-01679-JCM-PAL <br><br> **DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT** |

Defendants Nationstar Mortgage, LLC (**Nationstar**) and Wells Fargo Bank, N.A., individually and as Trustee for the Holders of the Banc of America Alternative Loan Trust 2003-7 Mortgage Pass-Through Certificates, Series 2003-2007 (collectively, **Defendants**) answer Plaintiff Dale and Debra Dowers claims as follows:

. . .

. . .

42248548;1

1. Answering paragraph 1 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis deny such allegations.

2. Answering paragraph 2 of the Complaint, Defendants admit that Nationstar Mortgage LLC is a Delaware limited liability company which conducts business in Clark County, Nevada.

3. Answering paragraph 3 of the Complaint, Defendants admit that Wells Fargo Bank Minnesota, National Association is a national banking association, which conducts business in Clark County Nevada.

4. Deny.

5. Answering paragraph 5 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis deny such allegations.

6. Answering paragraph 6 of the Complaint, Defendants deny to the extent it alleges wrongful acts on the part of Defendants. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, and on that basis deny such allegations.

7. Admit.

8. Admit.

9. Answering paragraph 9 of the Complaint, Defendants state that the document speaks for itself and therefore no response is required.

10. Answering paragraph 10 of the Complaint, Defendants state that the document speaks for itself and therefore no response is required.

11. Admit.

12. Answering paragraph 12 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis deny such allegations.

13. Admit.

14. Admit.

2

42248548;1

1  15. Deny.

2  16. Answering paragraph 16 of the Complaint, Defendants admit that a Certificate was
3  not issued as a result of the foreclosure mediation. Defendants deny all remaining allegations
4  contained in paragraph 16.

5  17. Deny.

6  18. Deny.

7  19. Deny.

8  20. Answering Paragraph 20 of the Complaint, Defendants are without knowledge or
9  information sufficient to form a belief as to the truth of the allegations contained therein, and on that
10 basis deny such allegations.

11 21. Deny.

12 22. Deny.

13 23. Answering Paragraph 23 of the Complaint, Defendants are without knowledge or
14 information sufficient to form a belief as to the truth of the allegations contained therein, and on that
15 basis deny such allegations.

16 24. Answering Paragraph 24 of the Complaint, Defendants admit that a Mortgage Loan
17 Statement was sent to Plaintiffs in or around June of 2014. Defendants deny the remaining
18 allegations contained in this paragraph.

19 25. Answering Paragraph 25 of the Complaint, Defendants are without knowledge or
20 information sufficient to form a belief as to the truth of the allegations contained therein, and on that
21 basis deny such allegations.

22 26. Admit.

23 27. Answering Paragraph 27 of the Complaint, Defendants are without knowledge or
24 information sufficient to form a belief as to the truth of the allegations contained therein, and on that
25 basis deny such allegations.

26 28. Admit.

27 29. Deny.

28

42248548;1

30. Answering Paragraph 30 of the Complaint, Defendants state that the document speaks for itself and therefore no response is required. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this Paragraph, and on that basis deny such allegations.

31. Answering Paragraph 31 of the Complaint, Defendants state that the document speaks for itself and therefore no response is required.

32. Admit.

33. Deny.

34. Answering Paragraph 34 of the Complaint, Defendants state that the document speaks for itself and therefore no response is required.

35. Answering Paragraph 35 of the Complaint, Defendants admit that Nationstar sent the attached letter dated August 27, 2014, the contents of which speaks for itself. Defendants deny all remaining allegations contained in this Paragraph.

36. Answering Paragraph 36 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis deny such allegations.

37. Answering Paragraph 37 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis deny such allegations.

38. Answering Paragraph 38 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis deny such allegations.

39. Answering Paragraph 39 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and on that basis deny such allegations.

40. Answering Paragraph 40 of the Complaint, Defendants admit that Nationstar sent the attached letter dated September 4, 2014, the contents of which speak for itself. Defendants deny all remaining allegations contained therein.

42248548;1

1   41.   Deny.

2   42.   Admit.

3   43.   Deny.

4   44.   Deny.

5   45.   Deny.

6   46.   Deny.

7   47.   Deny.

8   48.   Deny.

   a. Answering Paragraph 48.A-48.E, Defendants state that the documents speak for themselves and therefore no response is required.

   49.   Answering Paragraph 49, Defendants state that the documents speak for themselves and therefore no response is required.

   50.   Deny.

   51.   Deny.

   52.   Deny.

   53.   Deny.

   54.   Deny.

   55.   Deny.

## FIRST CAUSE OF ACTION

(VIOLATION OF 15 U.S.C. § 1692c(a)(2)

   56.   As to Paragraphs 56-60 of the Complaint, Defendants state that the First Cause of Action has been dismissed with prejudice; therefore, a response is not required.

## SECOND CAUSE OF ACTION

(VIOLATION OF 15 U.S.C. § 1692d)

   57.   Answering Paragraphs 61-65 of the Complaint, Defendants state that the Second Cause of Action has been dismissed with prejudice; therefore, a response is not required.

5

42248548;1

## THIRD CAUSE OF ACTION

(VIOLATION OF 15 U.S.C. § 1692e)

58. Answering Paragraphs 66-70 of the Complaint, Defendants state that the Third Cause of Action has been dismissed with prejudice; therefore, a response is not required.

## FOURTH CAUSE OF ACTION

(VIOLATION OF 15 U.S.C. § 1692f(6))

59. Answering Paragraph 71 of the Complaint, Defendants adopt and incorporate by reference all the preceding paragraphs as though fully set forth herein.

60. Answering Paragraph 72 of the Complaint, Defendants deny.

61. Answering Paragraph 73 of the Complaint, Defendants deny.

62. Answering Paragraph 74 of the Complaint, Defendants deny.

63. Answering Paragraph 75 of the Complaint, Defendants deny.

## FIFTH CAUSE OF ACTION

(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

64. Answering Paragraphs 76-81 of the Complaint, Defendants state that the Fifth Cause of Action has been dismissed with prejudice; therefore, a response is not required.

## SIXTH CAUSE OF ACTION

65. Answering Paragraphs 82-87 of the Complaint, Defendants state that the Sixth Cause of Action has been dismissed with prejudice; therefore, a response is not required.

. . .
…
…
…
…
…
…
…

42248548;1

**AFFIRMATIVE DEFENSES**

Defendants assert the following affirmative defenses. Discovery and investigation of this case are not yet complete, and Defendants reserve the right to amend this answer by adding, deleting, or amending defenses as may be appropriate. Any allegations not specifically admitted are denied. In further answer to the complaint, and by way of additional defenses, Defendants aver as follows:

**FIRST AFFIRMATIVE DEFENSE**

(Failure to State a Claim)

Plaintiffs have failed to state facts sufficient to constitute any cause of action against the defendant.

**SECOND AFFIRMATIVE DEFENSE**

(Principal Purpose of Business Is Not the Enforcement of Security Interests)

The principal purpose of Defendants' business is not the enforcement of security interests as required by 15 U.S.C. § 1692a.

**THIRD AFFIRMATIVE DEFENSE**

(Defendants are Not Debt Collectors)

Defendants are not "debt collectors" within the meaning of 15 U.S.C. § 1692f.

**FOURTH AFFIRMATIVE DEFENSE**

(Defenses Under 15 U.S.C. § 1692f(6))

Defendants had a present right to possession of the property claimed as collateral through an enforceable security interest.

**FIFTH AFFIRMATIVE DEFENSE**

(Unclean Hands)

Plaintiffs' claims are barred under the doctrine of unclean hands.

**SIXTH AFFIRMATIVE DEFENSE**

(Failure to Mitigate Damages)

Plaintiffs' claims are barred in whole or in part because of their failure to take reasonable steps to mitigate their damages, if any.

7

42248548;1

**SEVENTH AFFIRMATIVE DEFENSE**

(Unjust Enrichment)

Plaintiffs would be unjustly enriched if awarded the relief requested.

**EIGHTH AFFIRMATIVE DEFENSE**

(Additional Affirmative Defenses)

Pursuant to NRCP 11, defendant reserves the right to assert additional affirmative defenses in the event discovery and/or investigation discloses the existence of other affirmative defenses.

**PRAYER FOR RELIEF**

1. That plaintiffs' complaint be dismissed in its entirety with prejudice and that plaintiffs take nothing by way of their complaint;

2. For attorney's fees and costs of defending this action; and

3. For such other and further relief as this court deems just and proper.

Respectfully submitted, this 14th day of July, 2017.

**AKERMAN LLP**

/s/ Ariel Stern
ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
JAMIE K. COMBS, ESQ.
Nevada Bar No. 13088
AKERMAN LLP
1160 Town Center Drive, Suite 330
Las Vegas, NV 89144
*Attorneys for Defendants Nationstar Mortgage, LLC and Wells Fargo Bank, N.A., individually and as Trustee for the Holders of the Banc of America Alternative Loan Trust 2003-7 Mortgage Pass Through Certificates, Series 2003-2007*

42248548;1