ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
JAMIE K. COMBS, ESQ.
Nevada Bar No. 13088
AKERMAN LLP
1635 Village Center Circle Suite 200
Las Vegas, Nevada 89134
Telephone:   (702) 634-5000
Facsimile:    (702) 380-8572
Email: ariel.stern@akerman.com
Email: jamie.combs@akerman.com

*Attorneys for Defendants Nationstar Mortgage, LLC and Wells Fargo Bank Minessotta, N.A., individually and as Trustee for the Holders of the Banc of America Alternative Loan Trust 2003-7 Mortgage Pass Through Certificates, Series 2003-2007*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DALE DOWERS, an individual; and DEBRA DOWERS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>NATIONSTAR MORTGAGE LLC, a Delaware limited liability company; WELLS FARGO BANK MINNESOTA, NATIONAL ASSOCIATION, a national banking association, individually and as Trustee for holders of the Banc of America Alternative Loan Trust 2003-7 Mortgage Pass-through Certificates, Series 2003-2007; DOES 1 through 25, and ROE BUSINESS ENTITIES I through X, inclusive,<br><br>Defendants. | Case No.: 2:14-cv-01679-JCM-PAL<br><br>**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

Defendants Nationstar Mortgage, LLC (**Nationstar**) and Wells Fargo Bank Minnesota, N.A., individually and as Trustee for the Holders of the Banc of America Alternative Loan Trust 2003-7 Mortgage Pass-Through Certificates, Series 2003-2007 (**Wells Fargo**, and collectively, **Defendants**) move for summary judgment as to plaintiffs only remaining claim for violation of 15 U.S.C. § 1692f(6).

. . .

42392172;1

## I. INTRODUCTION.

Plaintiffs borrowed $897,500.00 to refinance a home. When plaintiffs defaulted on their obligations, they sued defendants. Plaintiffs sued for various violations of the Fair Debt Collections Practices Act (the **FDCPA**), intentional infliction of emotional distress, and deceptive trade practices. All of plaintiffs' causes of actions have been dismissed with the exception of their fourth cause of action for violation of 15 U.S.C. § 1692f(6). As will be explained below, defendants are entitled to summary judgment on this claim because Nationstar and Wells Fargo's principal business purpose is not the enforcement of security interests, and in any event, Nationstar and Wells Fargo had the right to pursue foreclosure against the property through an enforceable security interest.

## II. LEGAL STANDARD.

A court should grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "[A]t the summary judgment stage the judge's function is not [] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249. "[T]he trial judge shall [] grant summary judgment if there is no genuine issue as to any material fact and if the moving party is entitled to judgment as a matter of law." *Id.*

## III. STATEMENT OF UNDISPUTED FACTS.

### A. The Deed of Trust History

In April of 2000, plaintiffs purchased property located at 9408 Tournament Canyon Drive, Las Vegas, Nevada 89134. **Ex. A**.[1] They secured their purchase with a deed of trust against the property for $665,000.00. *Id*. Plaintiffs refinanced the loan multiple times, including on May 29, 2003, when they signed a note for $897,500.00 secured by a deed of trust against the property, with

---

[1] Defendants request the Court take judicial notice of the exhibits which are properly recorded public records, along with the bankruptcy court's docket and order terminating the automatic stay in plaintiffs' prior bankruptcy. The Court may take judicial notice of facts commonly known in its jurisdiction, as well as facts "[c]apable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, so that the fact is not subject to reasonable dispute." NRS 47.130.

Bank of America as the lender. **Ex. B; C**. On February 10, 2010, the deed of trust was assigned from Bank of America to Wells Fargo Bank Minnesota, National Association, as Trustee for the Certificateholders of Banc of America Alternative Loan Trust 2003-7 Mortgage Pass-Through Certificates, Series 2003-7, and the note was similarly endorsed. **Ex. C; D**. Nationstar serviced the loan on behalf of Wells Fargo. **Ex. E.** On September 30, 2013, after plaintiffs failed to meet their obligations under the deed of trust, Trustee Corps, as trustee on behalf of Wells Fargo, recorded a notice of default. **Ex. F**.

### B. The Bankruptcy & Foreclosure Mediation

Plaintiffs filed for chapter 7 bankruptcy on April 12, 2010. **Ex. G**; *see also* ECF No. 1-1 at ¶ 12. On August 31, 2010, the bankruptcy court entered an order terminating the automatic stay to allow Wells Fargo Bank Minnesota, N.A. to foreclose on the property. **Ex. H**. On February 4, 2014, plaintiffs and the beneficiary under the deed of trust participated in a foreclosure mediation. Compl., ECF No. 1-1 at Ex. 7. The mediator recommended that the certificate not issue. *Id.* Accordingly, Trustee Corps rescinded the notice on July 16, 2014. **Ex. I**. Plaintiffs then sold the property on October 24, 2014 for $1,450,000. **Ex. J**

### C. The Principal Purpose of Nationstar and Wells Fargo's Businesses

Nationstar's principal business is the servicing and origination of home loans. **Ex. E.** As a mortgage servicer, Nationstar oversees the administration of a mortgage loan, including the collection of payments, payment of property insurance and taxes. *Id.* Although Nationstar may occasionally initiate foreclosure proceedings when a debtor defaults on a loan, enforcement of security interests through foreclosure is not the principal purpose of Nationstar's business. *Id.*

Wells Fargo's principal business is national banking.[2] As a national banking association, Wells Fargo is in the business of receiving and safeguarding others' money, paying and collecting checks, and lending out money to earn profits. Wells Fargo is not in the principal business of enforcing security interests.

---

[2] The court can take judicial notice that Wells Fargo Bank, N.A. is a national bank, as it is a fact commonly known and "[c]apable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned," as required by NRS 47.130.

42392172;1

## IV. LEGAL ARGUMENT.

### A. 15 U.S.C. § 1692f(6) Only Applies to Businesses Whose Primary Purpose is the Enforcement of Security Interests—i.e., Repossessors

Under 15 U.S.C. § 1692f(6), the FDCPA prohibits a *debt collector* from taking certain non-judicial actions to effect the dispossession or disablement of property where (a) there is no present right to possession of the property claimed as collateral through an enforceable security interest; (b) there is no present intention to take possession of the property; or (c) the property is exempt by law from such dispossession or disablement.  For a defendant to be liable for a violation of the FDCPA, it "must—as a threshold requirement—be a 'debt collector' within the meaning of the Act." *Gallegos v. ReconTrust Co.*, No. 08-cv-2245-WQH-LSP, 2009 WL 215406, at *3 (S.D. Cal. Jan. 29, 2009) (citing *Heintz v. Jenkins*, 514 U.S. 291, 294 (1995)).

For purposes of § 1692f(6), a debt collector is defined in relevant part as "any person who. . . [engages] in any business **the principal purpose of which** is the enforcement of security interests." 15 U.S.C. § 1692a(6) (emphasis added); *Dowers v. Nationstar Mortgage LLC, et al.*, 852 F.3d 964, 967 (9th Cir. 2017).  The FDCPA does not apply to every business who might occasionally take action to enforce a security interest; it only applies to those businesses whose *primary purpose* is to enforce security interests. *See Corbett v. Beneficial Ohio, Inc.*, 847 F. Supp. 2d 1019, 1030 (S.D. Ohio 2012); *see also Wilson v. Draper & Goldberg, P.L.L.C.*, 443 F.3d 373, 378 (4th Cir. 2006); *Piper v. Portnov Law Assocs., Ltd.*, 396 F.3d 227 (3rd Cir. 2005)[3]; *Haber v. Bank of Am., N.A.*, 2014 WL 2921659, at *9 (E.D. Pa. June 27, 2014) (rejecting plaintiff's argument that Bank of America qualifies as a "repossessor" for purposes of 15 U.S.C. § 1692a(6)).

---

[3] The 9th Circuit in *Ho v. ReconTrust Co., NA*, 840 F.3d 618, 621 (9th Cir. 2016) and *Vien-Phuong Thi Ho v. ReconTrust Co., NA*, 858 F.3d 568, 577 (9th Cir. 2016) disagreed with the holdings in *Wilson* and *Piper* that all mortgage foreclosure is debt collection for the purposes of the FDCPA. We agree with the binding precedent of *Ho* and *Vien-Phuong* that security enforcers are not engaged in the collection of a money debt for purposes of the FDCPA. We cite to *Wilson* and *Piper* for a different proposition—that only entities whose principal purpose is that of the enforcement of security interests, i.e., repossession, come within the ambit of §§ 1692f(6) and 1692a(6).

4

42392172;1

The only entities whose principal purpose is the enforcement of security interests are repossession agencies. *See Glazer v. Chase Home Finance LLC, et al.*, 704 F.3d 453, 464 (6th Cir. 2013) (noting that "all of the cases we found where §§ 1692f(6) and 1692a(6)'s third sentence were held applicable involved repossessors")[4]; *see also Montgomery v. Huntington Bank,* 346 F.3d. 693, 700 (6th. Cir. 2003) (agreeing that "those who enforce security interests, *such as repossession agencies,* fall outside the ambit of the FDCPA," except for the purposes of § 1692f(6) (emphasis added)); *Nadalin v. Auto. Recovery Bureau, Inc.,* 169 F.3d 1084, 1085 (7th Cir. 1999) (noting that "repossessors" must comply with § 1692f(6)); *James v. Ford Motor Credit Co.,* 47 F.3d 961, 962 (8th Cir. 1995) (noting that "a few provisions of the Act subject *repossession companies* to potential liability when they act in the enforcement of others' security interests"); *Jordan v. Kent Recovery Servs.,* 731 F.Supp. 652, 657 (D.Del.1990); *Vaughn v. Wells Fargo Bank, N.A.*, 2017 WL 1498069, at *3 (W.D. Ark. Apr. 25, 2017) (noting that "federal courts interpreting the federal FDCPA have **universally** . . . found 'a person . . . in a business whose principal purpose is the enforcement of security interests,' to mean *repossession agencies.*")(emphasis added).

### B.   There is No Genuine Dispute of Material Fact that Defendants Are Not Engaged in the Principal Business of Enforcing Security Interests

Mortgage servicers and national banks are not entities engaged in businesses **the principal purpose of which** is the enforcement of security interests, *i.e.* foreclosures or repossessions. In *Corbett*, a borrower brought an action against Beneficial Ohio, Inc., a mortgage company, claiming, *inter alia*, that Beneficial Ohio violated 15 U.S.C. § 1692f(6) in connection with the foreclosure of his residence. *Corbett*, 847 F. Supp. 2d at 1022-23. Beneficial Ohio moved for dismissal and argued it was not a "debt collector" subject to the FDCPA. *Id.* at 1029. Corbett argued Beneficial Ohio was

---

[4] As discussed in fn. 3 above, the 9th Circuit in *Ho v. ReconTrust Co., NA*, 840 F.3d 618, 621 (9th Cir. 2016) and *Vien-Phuong Thi Ho v. ReconTrust Co., NA*, 858 F.3d 568, 577 (9th Cir. 2016) disagreed with the holding in *Glazer* that all "mortgage foreclosure is debt collection" for the purposes of the FDCPA. Again, we cite to *Glazer* for an entirely different proposition—that only entities whose principal purpose is that of the enforcement of security interests, i.e., repossession, come within the ambit of §§ 1692f(6) and 1692a(6).

a debt collector under 15 U.S.C. § 1692f(6) because it took non-judicial action to effect dispossession or disablement of Corbett's residence without any enforceable security interest in the property. *Id.* at 1030.  The court held that 15 U.S.C. § 1692f(6) did not apply to mortgage companies because "[a]lthough mortgage companies may occasionally take action to enforce their security interests when a debtor defaults on a loan, this is not the 'principal purpose' of their business." *Id.* Similarly, in *Vaughn,* the court concluded Wells Fargo, a national banking association, was not subject to 15 U.S.C. § 1692f(6) because it is not a "repossession company, whose principal business is the enforcement of security interests." *Vaughn*, 2017 WL 1498069, at *3.

Here, Nationstar, like Beneficial Ohio in *Corbett*, is a mortgage company whose primary purpose is the servicing of home loans.  In administering mortgage loans, Nationstar oversees the collection of payments pursuant to the terms of the note and deed of trust and pays amounts due under the escrow accounts, such as insurance and taxes. **Ex. E**; *see also* Mortgage Servicing, BLACK'S LAW DICTIONARY (10th ed. 2014).  While Nationstar may occasionally take action to initiate foreclosure proceedings on behalf of the loan owner following a debtor's default, this is only pursued as a last resort and is not the principal purpose of Nationstar's business. **Ex. E.**

Similarly, like in *Vaughn*, Wells Fargo is a national banking association, not a repossession company.  As a banking institution, Wells Fargo's primary purpose is the activity of receiving and safeguarding others' money, paying and collecting checks, and lending out money to earn profits. *See* Banking, BLACK'S LAW DICTIONARY (10th ed. 2014).  Wells Fargo's primary business is not the enforcement of security interests.

There is no genuine dispute of material fact that Nationstar and Wells Fargo are not entities whose principal purpose is the enforcement of security interests, and therefore 15 U.S.C. § 1692f(6) does not apply.

. . .

### C. Defendants Had an Enforceable Security Interest in the Property

#### 1. Wells Fargo was the Holder of the Note and Beneficiary of the Deed of Trust

Even if Nationstar and Wells Fargo qualified as businesses whose primary purpose was the enforcement of security interests, defendants are still entitled to summary judgment because the undisputed facts show that Wells Fargo was entitled to enforce the note and deed of trust through foreclosure. 15 U.S.C. § 1692f(6) only prohibits threatening to take nonjudicial action to effect dispossession or disablement of property where "there is no present right to possession of the property claimed as collateral through an enforceable security interest." 15 U.S.C. § 1692f(6)(a). Under Nevada law, the party who is the holder of the note and the beneficiary of the deed of trust is the party entitled to foreclose, *i.e.*, the party with an enforceable security interest. *Edelstein v. Bank of New York Mellon*, 128 Nev. Adv. Op. 48, 286 P.3d 249, 254 (2012). When a negotiable instrument such as a promissory note is indorsed to an identified person, the person to whom the instrument is made payable to is entitled to enforce it. NRS 104.3205(1). "To prove that a previous beneficiary properly assigned its beneficial interest in the deed of trust, the new beneficiary can demonstrate the assignment by means of a signed writing." *Edelstei*n, 128 Nev. Adv. Op. 48, 286 P.3d at 260 (internal citation omitted); *see also Toromanova v. Wells Fargo Bank, N.A.*, No. 2:12-CV-00328-GMN, 2013 WL 1314974, at *4 (D. Nev. Mar. 28, 2013)

The undisputed facts show that during the relevant time period Wells Fargo was entitled to enforce the note and deed of trust through foreclosure. The original note was indorsed to Wells Fargo. **Ex. C**. Likewise, Bank of America assigned the deed of trust to Wells Fargo via the assignment recorded on February 10, 2010. **Ex. D.** As a result, Wells Fargo was the holder of the note and the beneficiary of the deed of trust with an enforceable security interest in the property.

. . .

. . .

7

42392172;1

### 2. Denial of a Foreclosure Mediation Program Certificate does Not Prevent the Lender from Re-Starting the Foreclosure Process

Plaintiffs allege that defendants could not continue to attempt to enforce the deed of trust against the property through a foreclosure because the parties had gone through the Nevada Foreclosure Mediation Program and no certificate issued. Contrary to plaintiff's suggestion, however, Nevada law is clear that the denial of a certificate does not forever bar a lender from pursuing foreclosure.

The Nevada Supreme Court has directly addressed plaintiff's argument and found that denial of a certificate to foreclosure does not prevent a lender from reinitiating foreclosure and proceeding with foreclosure under a new notice of default. *Holt v. Reg'l Tr. Servs. Corp.*, 127 Nev. Adv. Op. 80, 266 P.3d 602, 603 (2011). When a new notice of default is filed, the foreclosure mediation process is restarted, and the borrower may request a new foreclosure mediation. *See* Foreclosure Mediation Rule (**FMR**) 8. "Nothing in the [Foreclosure Mediation Program (FMP)] statutes or rules suggests that denial of an FMP certificate permanently costs a lender the security afforded by the deed of trust." *Holt*, 266 P.3d at 606-07. If a certificate of foreclosure does not issue after mediation, the lender may restart the foreclosure process by filing a new notice of default. *Id.* at 605.

That is exactly what happened here. Under *Holt,* Wells Fargo was not forever barred from pursuing foreclosure simply because it did not obtain a certificate through the foreclosure mediation program. Wells Fargo could restart the foreclosure process at any time by recording a new notice of default. Thus, any warning by Wells Fargo through its servicer Nationstar that it may non-judicially foreclose upon the property cannot violate 15 U.S.C. § 1692f(6) and the Court should grant defendant's motion for summary judgment.

. . .

. . .

. . .

8

42392172;1

## IV. CONCLUSION.

Plaintiffs cannot sustain their only remaining cause of action under 15 U.S.C. § 1692f(6) because defendants are not engaged in the primary business of enforcing security interests and Wells Fargo had an enforceable security interest in the property. As a result, summary judgment should be granted in favor of defendants.

Respectfully submitted, this 9th day of February, 2018.

                          **AKERMAN LLP**

                          /s/ *Jamie K. Combs*
                          ARIEL E. STERN, ESQ.
                          Nevada Bar No. 8276
                          JAMIE K. COMBS, ESQ.
                          Nevada Bar No. 13088
                          AKERMAN LLP
                          1635 Village Center Circle, Suite 200
                          Las Vegas, NV 89134
                          *Attorneys for Defendants Nationstar Mortgage, LLC and Wells Fargo Bank, N.A., individually and as Trustee for the Holders of the Banc of America Alternative Loan Trust 2003-7 Mortgage Pass Through Certificates, Series 2003-2007*

42392172;1

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 9th day of February, 2018 and pursuant to FRCP 5(b)(2)(E), I caused service via U.S. District Court's Case Management/Electronic Case Files (CM/ECF) system a true and correct copy of the foregoing **DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**, addressed to:

Jay A Shafer, Esq.
Mark C Fields, Esq.
**Premier Legal Group**
1333 N Buffalo Dr., Ste. 210
Las Vegas, NV 89128
*Attorney for Dale Dowers & Debra Dowers*

>	*/s/Jill Sallade*
>	An employee of AKERMAN LLP

AKERMAN LLP
1635 Village Center Circle, Suite 200
LAS VEGAS, NEVADA 89134
TEL.: (702) 634-5000 – FAX: (702) 380-8572

42392172;1