Jay A. Shafer, Esq.
Nevada Bar No. 9184
Premier Legal Group
1333 North Buffalo Drive, Suite 210
Las Vegas, Nevada 89128
Telephone: (702) 794-4411
Fax: (702) 794-4421
jshafer@premierlegalgroup.com
Attorney for Plaintiffs,
Dale Dowers and Debra Dowers

Mark C. Fields, Esq.
Nevada Bar No. 008453
Law Offices Of Mark C. Fields, APC
333 South Hope Street, 35th Floor
Los Angeles, California 90071
Telephone: (213) 617-5225
Fax: (213) 629-4520
fields@markfieldslaw.com
Attorney for Plaintiffs,
Dale Dowers and Debra Dowers

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| DALE DOWERS, an individual; and, DEBRA DOWERS, an individual;<br><br>Plaintiffs,<br><br>v.<br><br>NATIONSTAR MORTGAGE LLC, a Delaware limited liability company; WELLS FARGO BANK MINNESOTA, NATIONAL ASSOCIATION, a national banking association, individually and as Trustee for holders of the Banc of America Alternative Loan Trust 2003-7 Mortgage Pass-through Certificates, Series 2003-2007; DOES 1 through 25, and ROE BUSINESS ENTITIES I through X, inclusive,<br><br>Defendants. | Case No.: 2:14-cv-01679-JCM-PAL<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

Plaintiffs Dale Dowers and Debra Dowers herby submit the following Opposition to the

Defendants' Motion For Summary Judgment ("MSJ").

**1. INTRODUCTION, PROCEDURAL HISTORY, AND SUMMARY**

For the purpose of the MSJ, the procedural history of this case is as follows. The Defendants filed on October 20, 2014 a Motion To Dismiss Complaint With Prejudice ("Motion To Dismiss"). The Motion To Dismiss sought *inter alia* to dismiss all of the Complaint's claims under the Fair Debt Collection Practices Act ("FDCPA") on the grounds that the conduct alleged in the Complaint did not constitute debt collection activities and that Defendants were not debt collectors. After the filing of Opposition and Reply briefs, the Court entered an Order on December 31, 2014, granting the Motion To Dismiss. The dismissal was on the grounds that the conduct alleged in the Complaint did not constitute debt collection activities because such conduct pertained to non-judicial foreclosure attempts, and thus the Court did not rule on the issue of whether the Defendants were debt collectors as defined in the FDCPA. *See* Order at p. 5, ll. 1 -21.

Defendants filed a Notice of Appeal on January 30, 2015. Both sides briefed to the Ninth Circuit whether the conduct alleged in the Complaint constituted debt collection activities and whether the Defendants were debt collectors. In the published opinion of *Dowers v. Nationstar Mortgage, LLC***,** 852 F.3d 964 (9th Cir. 2017), the Ninth Circuit affirmed the dismissal of FDCPA claims brought pursuant to 15 U.S.C. Sections 1692c, d. and e on the grounds that the Defendants were not acting as debt collectors based on the conduct alleged in the Complaint. The Ninth Circuit reversed as to the Complaint's claim pursuant to 15 U.S.C. Section 1692f(6). The Ninth Circuit held as follows:

> "The district court dismissed all four of Plaintiffs' FDCPA claims because Defendants' conduct "relate[d] to non-judicial foreclosure attempts." But Section 1692f(6) regulates nonjudicial foreclosure activity. Again, *Ho* is instructive: when contrasting Section 1692f(6) with the other FDCPA provisions, we noted that ReconTrust was clearly a debt collector for purposes of Section 1692f(6) because ReconTrust was enforcing a security interest. *See Ho*, 840 F.3d at 622. Here, Plaintiffs alleged that Nationstar threatened to take non-judicial action to dispossess Plaintiffs of their home without a legal ability to do so. Such conduct is exactly what Section 1692f(6) protects borrowers against. As a result, the district court should not have dismissed Count Four on the ground that Nationstar was engaging in conduct related to non-judicial foreclosure." (Emphasis added.) *Id.* at 971.

The Dowers Dec. establishes that there is not just a material fact that Defendants threatened to

take legal action to dispossess Plaintiffs of their Home without legal ability to do so, but overwhelming evidence to that effect. Amazingly, the MSJ and supporting declaration and exhibits proves that point, because there isn't even an allegation that Defendants are in possession of the original loan documents, which is necessary in Nevada for them to foreclose on Plaintiffs' Home, and there is overwhelming evidence that they don't have possession of any of the original loan documents.

Since Section 1692f(6) applies to debt collectors (even if they are not acting to collect a debt but rather engaging in specified wrongful conduct in enforcing a security interest), the Ninth Circuit's opinion also constitutes a determination that the Complaint adequately pled that Defendants were debt collectors for purposes of Section 1692f(6). That conclusion is buttressed not only by the express language of Section 1692f(6) but by a plethora of cases which state that loan servicers who acquire a loan **after default** are debt collectors.

Misleadingly, the MSJ itself fundamentally relies on cases which state loan servicers are not debt collectors and concealing that those very cases explicitly provide that loan servicers who acquire a loan after default are debt collectors.

The MSJ also raises several red herring arguments, such as the denial of a foreclosure mediation certificate does not permanently preclude the lender from restarting foreclosure proceedings. That truism, however, ignores the fact that if the denial was based on failure to provide original loan documents, then the grounds for the denial will continue as to the Defendants since they don't have possession of the original loan documents.

**2. LEGAL STANDARD**

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888, 110 S. Ct. 3177, 111 L. Ed. 2d 695 (1990). However, to be entitled to a denial of summary judgment, the non-moving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, a court applies a burden-shifting analysis. The moving party must first satisfy its initial burden. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

By contrast, when the non-moving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323-24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159-60, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249-50.

**3. STATEMENT OF DISPUTED FACTS THAT DEFENDANTS' ACTIONS VIOLATED 1692f(6)**

Although this Section of the Opposition refers to "Disputed Facts" regarding Defendants' actions in violating Section 1692f(6), that reference is essentially a formality because in actuality the following are essentially undisputed facts showing that Defendants' actions violated 1692f(6), even though to avoid summary judgment a disputed fact will serve that purpose.

Section 1962f(6)(A) and (B) prohibits a debt collector from doing the following:

"**(6)**Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if—
**(A)**
there is no present right to possession of the property claimed as collateral through an enforceable security interest;
**(B)**
there is no present intention to take possession of the property."

The Dowers Declaration, including Exhibits 1 through 24 thereto, overwhelming demonstrate the Defendants' violations of such prohibitions. Simply as a highlight of those activities, and focusing only on the foreclosure threats and not the non-stop lying and bullying, is the following:

After a Notice of Default ("NOD") was filed against Plaintiffs' Home, pursuant to applicable provisions of Nevada law, with respect to the NOD a Document Conference was held on December 16, 2013 and a Foreclosure Mediation was conducted on February 4, 2014. Dowers Dec., Par. 13.

At the Document Conference and at the Foreclosure Mediation, neither Wells Fargo nor BofA Trust were able to submit the required Affidavit Of Certification Of Documents, with respect to the Note, the Deed of Trust, the Assignment, the Servicing Assignment, or any other document. Dowers Dec., Par. 14, Ex. 6.

Because of Defendants' failure to produce a completed Documents Affidavit in connection with the Document Conference and the Foreclosure Mediation, the Mediator ruled on February 13, 2014 as follows: **"WILL NOT ISSUE** a Certificate Of Foreclosure" (Emphasis in original.) Dowers Dec., Par. 15, Ex. 7.

On March 25, 2014, Nationstar sent a letter to Plaintiff. Nationstar's March 25, 2014 letter falsely states that "If you do not pay the full amount of the default, Nationstar may accelerate the entire sum of both principal and interest due and payable, **and invoke any remedies provided for in the Note and security instrument, including but not limited to the foreclosure sale of the property.**" (Emphasis added.) Dowers Dec., Par. 16, Ex. 8.

That constitutes the first direct threat to foreclose on Plaintiffs' Home after denial of the right to do so for failure to produce original loan documents.

If the Defendants had the original loan documents, they would of course have produced them at the February 4, 2014 Foreclosure Mediation. If they had located them after the February 4, 2014 Foreclosure Mediation, they would have simply filed a new NOD rather than threaten to do so (while also engaging in lying and bullying as described in detail in the Dowers Dec.)

Nationstar sent a letter to Plaintiffs' counsel on July 21, 2014, which stated *inter alia* as follows: "However, there are some circumstances where the owner has given temporary possession of the loan note to the servicer. The owner does this in order to ensure that the servicer is able to perform the services and duties incident to the servicing of the mortgage loan, **such as foreclosure actions,** bankruptcy cases, and other legal proceedings." (Emphasis added.) Dowers Dec., Par. 30, Ex. 16.

That's the second direct foreclosure threat after denial of the right to do so for failure to produce original loan documents.

On August 26, 2014, Nationstar sent a letter to Plaintiffs, which stated that the Home may be referred to foreclosure fourteen days after the date of the letter. Dowers Dec., Par. 31, Ex. 17.

That's the third direct foreclosure threat after denial of the right to do so for failure to produce original loan documents.

On September 4, 2014, Nationstar emailed a letter to Plaintiffs' counsel, which again stated as follows: "However, there are some circumstances where the owner has given temporary possession of the loan note to the servicer. The owner does this in order to ensure that the servicer is able to perform the services and duties incident to the servicing of the mortgage loan, **such as foreclosure actions**, bankruptcy cases, and other legal proceedings." (Emphasis added.) Dowers Dec., Par. 39, Ex. 23.

That's the fourth direct foreclosure threat after denial of the right to do so for failure to produce original loan documents.

After the issuance on February 13, 2014 of a denial of the right to foreclose due to failure to produce original loan documents, rather than locate the original loan documents the Plaintiffs were subjected from March, 2014 through September 2014 four separate baseless legal threats to foreclosure over seven months subsequent to the foreclosure denial.

Those facts are precisely what the Ninth Circuit was referring to when in reversing the dismissal of Plaintiffs' claims pursuant to 1692f(6) it stated in *Dowers v. Nationstar* as follows: "Here, Plaintiffs alleged that Nationstar threatened to take non-judicial action to dispossess Plaintiffs of their home without a legal ability to do so. Such conduct is exactly what Section 1692f(6) protects borrowers against. " (Emphasis added.) *Id.* at 971.[1] Plaintiffs have not merely alleged it; Plaintiffs proved it.

---

[1] Although it is not a matter of Plaintiffs' concern as to why Defendants are unable to locate original loan documents, it is hardly surprising that they cannot and never will be able to, including at trial. The history of assignments of Dowers' note, deed of trust, and related loan documents is a highlight reel of worst practices that brought about the real estate recession/depression we all remember so vividly.

The Defendants themselves cannot even figure out who's on first, what's on second, and I don't know on third. The Dowers Dec. at Paragraphs 48 – 49 document the utter chaos as follows:

**4. STATEMENT OF DISPUTED FACTS, AND ALSO LEGAL AUTHORITY, THAT DEFENDANTS ARE DEBT COLLECTORS**

Defendants' MSJ contends that because they do not engage in a business the principal purpose of which is the collection of debts, they can't be considered debt collectors. That is a blatant misreading of the statute. Defendants also contend that the applicable authority buttresses that conclusion based on cases which hold that mortgage servicers are not debt collectors. That is a highly misleading statement of applicable authority, because the cases cited by Defendants are among a plethora of cases which state that mortgage servicers and other person/entities who have been assigned **loans in default** are debt collectors.

Section 1692a(6) states as follows:

> **(6)**The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, **or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.** Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own

---

48.A The Assignment (Exhibit 3) of the Note and Deed of Trust is from Bank of America, N.A. to Wells Fargo Bank Minnesota, National Association, as trustee for holders of the Banc of America Alternative Loan Trust 2003-7 Mortgage Pass-through Certificates, Series 2003-7 ("BofA Trust"). The Assignment purported to transfer from Assignor to Assignee all of Assignor's rights in the Note and Deed of Trust. None of the Exhibits to this complaint, nor any other document ever provided by Defendants to Plaintiffs, show who the holders of the BofA Trust are in any of the varying description of said trust, as described *infra*.

48.B At the Foreclosure Mediation in February, 2014, as shown on the last page of Exhibit 4, the lender(s) described by themselves as Wells Fargo NA and also Bank of America – AA National Way.

48.C Nationstar's July 21, 2014 letter (Exhibit 16) at the third page states that the current owner of the Note is Wells Fargo Bank Minnesota as Trustee of BOAALT 2003-7.

48.D Nationstar's August 26, 2014 letter (Exhibit 17) at the first page states that Nationstar is the loan servicer for WELS FARGO BANK NATIONAL ASSOCIATION [not Wells Fargo Bank Minnesota], AS TRUSTEE FOR BANC OF AMERICA ALTERNATIVE LOAN TRUST 2003-7.

In other words, in various official communications with Plaintiffs or Plaintiffs' counsel, the Trustee has been variously stated to be: (A) Wells Fargo NA; (B) Wells Fargo Bank Minnesota, National Association; and (C) Well Fargo Bank National Association. The trust as to which Wells Fargo (in whatever varying form Wells Fargo is acting in) is acting as Trustee has been variously stated to be: (A) Banc of America Alternative Loan Trust 2003-7 Mortgage Pass-through Certificates, Series 2003-7; (B) BOAALT 2003-7; and (C) Banc of America Alternative Loan Trust 2003-7. At the foreclosure mediation in February, 2014, Bank of America – AA National Way (along with Wells Fargo NA) is listed as the lender, despite having purported assigned all of its interest in the Note and Deed of Trust pursuant to the Assignment (Exhibit 3).

> debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. For the purpose of section 1692f(6) of this title, **such term also includes** any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests. The term does not include—
>
> **. . .**
>
> **(F)**
>
> any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (i) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement; (ii) concerns a debt which was originated by such person; (iii) **concerns a debt which was not in default at the time it was obtained by such person**; or (iv) concerns a debt obtained by such person as a secured party in a commercial credit transaction involving the creditor.

The Defendants focus only on the language regarding a person who business the principal purpose of which is the collection of debts. The Defendants entirely ignore that another category of debt collectors who regularly collects or attempts to collect directly or indirectly debts owed to another. Defendants simply ignore that provision of 1692a(6). Defendants then compound that error by ignoring the language in 1692a(6)(F)(iii) that from the definition of debt collector excludes a debt "which was not in default at the time it was obtained by such person".

Nationstar is a mortgage servicing company, which by definition means collecting debts owed to another. The other Defendant in this case is not Wells Fargo Bank, but the entity described as "

WELLS FARGO BANK MINNESOTA, NATIONAL ASSOCIATION, a national banking association, **individually and as Trustee for holders of the Banc of America Alternative Loan Trust 2003-7 Mortgage Pass-through Certificates,** Series 2003-2007. (Emphasis added.) Whatever entity that is, it serves as Trustee for holders of the Banc of America Alternative Loan Trust 2003-7 Mortgage Pass-through Certificates, Series 2003-2007. Both those entities act to collect debts for others, and that oddly named Wells Fargo affiliated entity may very well exist exclusively for that purpose. Further, even if that entity is not viewed as a debt collector, then Nationstar was acting as its agent when Nationstar was assigned the servicing right. Thus, whether or not the Wells Fargo entity was itself a debt collector, it is nonetheless responsible for the acts of its agent Nationstar. *See e.g. Couturier v. American Invsco Corp.*, 10 F.Supp.3d 1143 (D.Nev. 2014); *Countrywide Home*

*Loans, Inc. v. Thitchener*, 124 Nev. 725 (2008); *Evans v. Dean Witter Reynolds, Inc.*, 116 Nev. 598 (2000).

The Defendants were assigned rights to Dowers' loan documents (including the note and deed of trust) after the loan was in default. Exhibit F to Defendants' MSJ is the applicable Notice Of Default, which states that the Dowers' loan was in default as of September 1, 2009. The Rube Goldberg–like series of assignments occurred after the date that the loan was in default.

Shockingly, the MSJ in arguing that Defendants are not debt collectors cite numerous cases, for the proposition that loan servicers are not agents, including *Corbett v. Beneficial Ohio, Inc.*, 847 F. Supp.2d 1019 (S.D. Ohio 2012) and *Glazer v. Chase Home Finance LLC, et al.*, 704 F.3d 453 (6th Cir. 2013). Defendants do not mention the real holdings of those cited cases and why those cases are distinguishable because such disclosure would be fatal to Defendants' position:

> "The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.
> 15 U.S.C. § 1692a(6). The term does not include "(A) any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor;" or "(F) any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity ... (iii) concerns a debt which was not in default at the time it was obtained by such person ..." 15 U.S.C. § 1692a(6)(A) and (F). **Courts have held that "a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned**." *Perry v. Stewart Title Co.,* 756 F.2d 1197, 1208 (5th Cir.1985). Beneficial Ohio maintains because it was a creditor and **because Corbett's debt was not in default at the time it was assigned**, Beneficial Ohio cannot be deemed a "debt collector" subject to liability under the FDCPA." **(**Emphasis added.)

*Corbett* at 847 F. Supp.2d 1029-1030. Likewise in *Glazer*, the Court drew the distinction:

> "Glazer alleges that Chase violated various provisions of the FDCPA, all of which apply only to "debt collectors" as defined in the Act. *See Kistner v. Law Offices of Michael P. Margelefsky, LLC,* 518 F.3d 433, 435–36 (6th Cir.2008). The Act's definition of "debt collector" consists of a general definition followed by a number of exceptions. *See* 15 U.S.C. § 1692a(6). One exception is relevant here: the term "debt collector" does not include any person attempting to collect "any debt owed or due or asserted to be owed or due another to the extent such activity ... concerns a debt **which was not in default at the time it was obtained by such person**." *Id.* § 1692a(6)(F)(iii). According to Glazer's own allegations, **Chase obtained the Klie loan for servicing**

> ***before* default**. Therefore, Chase is not a "debt collector." *See Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir.1985)". (Italics in original; bold emphasis added).

*Glazer*, cited *supra*, 704 F.3d at 457; *accord, e.g.* , *Bridge v. Ocwen Federal Bank*, 681 F.3d 355, 359 (6th Cir. 2012):

> "The distinction between a creditor and a debt collector lies precisely in the language of § 1692a(6)(F)(iii). For an entity that did not originate the debt in question but acquired it and attempts to collect on it, that entity is either a creditor or a debt collector depending on the default status of the debt at the time it was acquired. The same is true of a loan servicer, which can either stand in the shoes of a creditor or become a debt collector, depending on whether the debt was assigned for servicing before the default or alleged default occurred. *Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 106–8 (6th Cir.1996); *see also Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir.1985)

*Accord*, *Diaz v. Federal Nat. Mort. Ass'n.*, 990 F.Supp.2d 1042, 1052 – 1053 (D. HI. 2013):

> Defendants argue that they are not "debt collectors" under the statute. The Court notes that—
>
>> original lenders, creditors, mortgage servicing companies, and mortgage brokers generally do not qualify as "debt collectors." *See, e.g., Lyons v. Bank of Am., NA,* 2011 WL 3607608, at *12 (N.D.Cal. Aug. 15, 2011) ("The FDCPA applies to those who collect debts on behalf of another; it does not encompass creditors who are collecting their own past due accounts."); *Radford v. Wells Fargo Bank,* 2011 WL 1833020, at *15 (D.Haw. May 13, 2011) (collecting cases stating that original lenders and mortgage servicing companies are not "debt collectors"); *Sakugawa v. IndyMac Bank, F.S.B.,* 2010 WL 4909574, at *5 (D.Haw. Nov. 24, 2010) (dismissing FDCPA claim because the mortgage broker was not a "debt collector").
>
> *Long v. Deutsche Bank Nat. Trust Co.,* Civil No. 10–00359 JMS/KSC, 2011 WL 5079586, at *14 (D.Haw. Oct. 24, 2011). Here, however, because Plaintiff stopped making payments on the loan in January 2009, it appears that the debt was already in default when it was assigned on August 31, 2009. Complaint ¶¶ 22–24. Because the debt was already in default at the time of the assignment, Defendants have not established that they are not debt collectors under the FDCPA as a matter of law, and the Court will not dismiss the claims on this basis at this time. 15 U.S.C. § 1692a(6)(F); *see Perry v. Stewart Title Co.,* 756 F.2d 1197, 1208 (5th Cir.1985) ("The legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, *as long as the debt was not in default at the time it was assigned.*")" (emphasis added).

*See also, e.g. Kapsis v. American Home Mortg. Servicing, Inc.*, 923 F.Supp.2d 430 (E.D.N.Y. 2013); *Stagkas v. Saxon Mortg. Services, Inc.*, 795 F.Supp.2d 129 (D.Mass. 2011). This is the crucial

distinction which Defendants simply hope the Court will miss and ignore. Defendants' MSJ hinges on Defendants taking an assignment so long as the loan was not in default at the time of assignment when Defendants know, acknowledge and cannot refute that the loan ***was in default*** at the time of assignment and thus Defendants are and were debt collectors.

**5. CONCLUSION**

The Defendants' MSJ is meritless. It is time for trial to be scheduled, and for Defendants to face a jury and attempt to justify their lying, bullying, and harassment. Good luck with that.

DATED this 2nd day of March, 2018.

LAW OFFICES OF MARK C. FIELDS, APC

By:___/s/__ Mark C. Fields, Esq____________

Mark C. Fields, Esq.
Nevada Bar No. 008453
333 South Hope Street, 35th Floor
Los Angeles, California 90071
(213) 617-5225

Jay A. Shafer, Esq.
Nevada Bar No. 9184
Premier Legal Group
1333 North Buffalo Drive, Suite 210
Las Vegas, Nevada 89128
Telephone: (702) 794-4411
Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. P. 5(b), I certify that I am a representative of PREMIER LEGAL GROUP and that on this 2nd day of March, 2018, I caused **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** to be served as follows:

□ to be hand delivered;

□ via First-Class United States Mail, postage prepaid and addressed to:

■ pursuant to CM/ECF to be electronically served through the Court's electronic filing and service system, with the date and time of the electronic service substituted for the date and place of deposit in the mail to the attorneys and/or parties listed below at the address and/or facsimile number indicated below:

Ariel Stern, Esq.
AKERMAN LLP
1160 Town Center Drive, Suite 330
Las Vegas, Nevada 89144
Counsel for Defendants

/s/ Debra Reade
A Representative of PREMIER LEGAL GROUP