ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
JAMIE K. COMBS, ESQ.
Nevada Bar No. 13088
AKERMAN LLP
1635 Village Center Circle Suite 200
Las Vegas, Nevada 89134
Telephone:   (702) 634-5000
Facsimile:   (702) 380-8572
Email: ariel.stern@akerman.com
Email: jamie.combs@akerman.com

*Attorneys for Defendants Nationstar Mortgage, LLC and Wells Fargo Bank Minessotta, N.A., individually and as Trustee for the Holders of the Banc of America Alternative Loan Trust 2003-7 Mortgage Pass Through Certificates, Series 2003-2007*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DALE DOWERS, an individual; and DEBRA DOWERS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>NATIONSTAR MORTGAGE LLC, a Delaware limited liability company; WELLS FARGO BANK MINNESOTA, NATIONAL ASSOCIATION, a national banking association, individually and as Trustee for holders of the Banc of America Alternative Loan Trust 2003-7 Mortgage Pass-through Certificates, Series 2003-2007; DOES 1 through 25, and ROE BUSINESS ENTITIES I through X, inclusive,<br><br>Defendants. | Case No.: 2:14-cv-01679-JCM-PAL<br><br>**DEFENDANTS' REPLY SUPPORTING MOTION FOR SUMMARY JUDGMENT** |

Nationstar Mortgage, LLC and Wells Fargo Bank Minnesota, N.A., individually and as Trustee for the Holders of the Banc of America Alternative Loan Trust 2003-7 Mortgage Pass-Through Certificates, Series 2003-2007 reply supporting their motion for summary judgment as to Mr. and Mrs. Dowers' only remaining claim for violation of 15 U.S.C. § 1692f(6).

. . .

. . .

44401906;1

## I. INTRODUCTION.

Mr. and Mrs. Dowers, who sold this property in 2014 for almost $1.5 million, continue to pursue an unfounded FDCPA complaint based on a few letters they received by Nationstar referencing potential foreclosure when they were *admittedly* in default under their loan obligations. The Dowers are unable to produce any evidence to show that Nationstar or Wells Fargo are in businesses whose principal purpose is the enforcement of security interests. They are not. Neither Nationstar nor Wells Fargo meet the definition of a "debt collector" for purposes of 1692f(6). Even if they were, they cannot be held liable for a violation of § 1692f(6) because they had a right to possession of the property as the servicer (Nationstar) and holder of the note and beneficiary of the deed of trust (Wells Fargo). Finally, the four letters the Dowers complain of are not threats under the FDCPA—they were merely informational letters not intended as attempts to collect a debt.

## II. ARGUMENT.

### A. Defendants are Not Debt Collectors Under 15 U.S.C. § 1692f(6).

Mr. and Mrs. Dowers fail to dispute that defendants are not engaged in a business the principal purpose of which is the enforcement of security interests. The Dowers attempt to twist the definition of a debt collector for purposes of § 1692f(6) to be broader than it really is. But under the plain language of the statute, a debt collector under § 1692f(6) only includes businesses "*the principal purpose of which*" is the enforcement of security interests. *Dowers v. Nationstar Mortgage LLC, et al.*, 852 F.3d 964, 967 (9th Cir. 2017) ("That provision [15 U.S.C. § 1692f(6)]—unlike the other three FDCPA provisions under which Plaintiffs allege violations—governs a "business *the principal purpose of which* is the enforcement of security interests.") (emphasis added). The Dowers fail to even address this argument in their opposition, or explain how Nationstar and Wells Fargo's "principal business" is the enforcement of security interests. Rather, as explained in the declaration of Fay Janati, Nationstar is a mortgage company whose principal purpose is the servicing of home loans. In administering mortgage loans, Nationstar oversees the collection of payments pursuant to the terms of the note and deed of trust and pays amounts due under the escrow accounts.

AKERMAN LLP
1635 Village Center Circle, Suite 200
LAS VEGAS, NEVADA 89134
TEL.: (702) 634-5000 – FAX: (702) 380-8572

Ex. E to MSJ; *see also* Mortgage Servicing, Black's Law Dictionary (10th ed. 2014). While Nationstar may occasionally initiate foreclosure on behalf of the loan owner following a debtor's default, this is pursued only as a last resort and is **not** the principal purpose of Nationstar's business. Ex. E to MSJ. The Dowers have not disputed this fact.

Likewise, Wells Fargo is a national banking association, not a repossession company. As a banking institution, Wells Fargo's principal purpose is the activity of receiving and safeguarding others' money, paying and collecting checks, and lending out money to earn profits. *See* Banking, BLACK'S LAW DICTIONARY (10th ed. 2014). The Dowers fail to point to any evidence that Wells' Fargo's principal business is the enforcement of security interests. Rather, they argue Wells Fargo can be held responsible for its agent's FDCPA violation of its agent. This is incorrect. An entity can only be vicariously liable for an agent's violation of the FDCPA if the principal itself *also* falls within the FDCPA's definition of a debt collector. *See, e.g., Wadlington v. Credit Acceptance Corp.,* 76 F.3d 103, 108 (6th Cir. 1996) (holding that one who does not meet the definition of debt colelctor cannot be held vicariously liable for an FDCPA violation of an agent who does); *see also Pollice v. Nat'l Tax Funding, L.P.,* 225 F.3d 379, 405 (3d Cir.2000) (concluding that "an entity that is itself a 'debt collector'—and hence subject to the FDCPA—" can be held vicariously liable for an FDCPA violation of its agent."); *Fox v. Citicorp Credit Servs., Inc.*, 15 F.3d 1507, 1516 (9th Cir. 1994).

**B.     The Dowers' Reliance on the General Definition of "Debt Collector" is Misplaced.**

In an attempt to confuse the issues, the Dowers cite to other sections of *Corbett* and *Glazer* inapplicable to their holding related to the limited definition of debt collector under 15 USC § 1692f(6). The discussion in *Corbett* regarding the collection of debts in default at the time of assignment were in reference to the *general* definition of a debt collector that the 9th Circuit has already held does not apply to entities who are enforcing a security interest. *See Dowers*, at ("actions taken to facilitate a non-judicial foreclosure. . . are not attepts to collect "debt' as that term is defined by the FDCPA."). The relevant section in *Corbett*, rather, is the analysis of the definition

3

of a "debt collector" for purposes of section 1692f(6), which the court correctly concluded "applies only if [the mortgage servicer's] 'principal purpose' is 'the enforcement of security interests.'" The court concluded that 1692f(6) "clearly applies to repossesssion companies, but not to mortgage companies," because while "mortgage companies may occasionally take action to enforce their security interests when a debtor defaults on a loan, this is not the 'principal purpose' of their business." *Id.* The same is true for the Dowers' citation to *Glazer*. The section of *Glazer* they rely on relates to the general definition of a "debt collector" with which the 9th circuit has expressly disagreed. S*ee Ho v. ReconTrust Co., NA* 840 F.3d 618, 621 (9th Cir. 2016) (disagreeing that a company who enforces security interests meets the general definition of a "debt collector" under the FDCPA); *Vien-Phuong Thi Ho v. ReconTrust Co., NA*, 858 F.3d 568, 573 (9th Cir.), *cert. denied sub nom. Ho v. ReconTrust Co.*, 138 S. Ct. 504, 199 L. Ed. 2d 385 (2017).

Because the ninth circuit has already concluded that "[a]ctions taken to facilitate a non-judicial foreclosure . . . are not attempts to collect 'debt' as that term is defined by the FDCPA," Nationstar and Wells Fargo cannot be considered debt collectors unless they meet the limited definition applicable to § 1692f(6). The only way they can fit the definition of a debt collector for purposes of § 1692f(6) is if they are engaged in a "business the principal purpose of which is the enforcement of security interests." *Dowers v. Nationstar Mortg., LLC*, 852 F.3d 964, 967 (9th Cir. 2017). The Dowers are unable to point to any facts that demonstrate Nationstar or Wells Fargo fit this definition.

**C.     Defendants Had a Right to Possession of the Property.**

Even if defendants met the definition of "debt collectors" for purposes of § 1692f(6), the Dowers' FDCPA claim still fails because defendants had a present right to possession of the property and intended to initiate foreclosure proceedings if the loan was not brought current or other arrangements made. The Dowers rely on the denial of a mediator from the foreclosure mediation program to issue a certificate to argue that defendants did not have the ability or intention to

4

44401906;1

foreclose. This argument is nonsensical, and runs directly contrary to the Nevada Supreme Court's holding in *Holt v. Reg'l Tr. Servs. Corp.*, 127 Nev. Adv. Op. 80, 266 P.3d 602, 603 (2011). As discussed in *Holt,* "[n]othing in the [Foreclosure Mediation Program (FMP)] statutes or rules suggests that denial of an FMP certificate permanently costs a lender the security afforded by the deed of trust." *Holt*, 266 P.3d at 606-07. If a certificate of foreclosure does not issue after mediation, the lender may restart the foreclosure process. *Id*. at 605.

Defendants have provided undisputed proof that they were entitled to foreclose. Under Nevada law, the party who is the holder of the note and the beneficiary of the deed of trust is the party entitled to foreclose, *i.e.*, the party with an enforceable security interest. *Edelstein v. Bank of New York Mellon*, 128 Nev. Adv. Op. 48, 286 P.3d 249, 254 (2012). When a promissory note is indorsed to an identified person, the person to whom the instrument is made payable to is entitled to enforce it. NRS 104.3205(1). "To prove that a previous beneficiary properly assigned its beneficial interest in the deed of trust, the new beneficiary can demonstrate the assignment by means of a signed writing." *Edelstein*, 128 Nev. Adv. Op. 48, 286 P.3d at 260 (internal citation omitted).

During the relevant period, Wells Fargo was entitled to enforce the note and deed of trust through foreclosure. The original note was indorsed to Wells Fargo. Ex. C to MSJ. Likewise, Bank of America assigned the deed of trust to Wells Fargo via the assignment recorded on February 10, 2010. Ex. D to MSJ. As a result, Wells Fargo was the holder of the note and the beneficiary of the deed of trust with an enforceable security interest in the property.[1]

The Dowers' argument that defendants are not able to produce the original loan documents is baseless and unsupported. As shown by the documents and declarations attached to the MSJ,

---

[1] The Dowers complain that it defendants cannot even "figure out who's on first" because during various communications the beneficiary of the deed of trust, Wells Fargo Bank Minnesota, National Association, as trustee for holders of the Banc of America Alternative Loan Trust 2003-7 Mortgage Pass-through Certificates, Series 2003-7, were referred to by various names. In looking at the various names referenced in these communications, it is clear they are all simply shorter versions of this longer name. *See* Plaintiffs' opposition at FN 1.

defendants at all relevant times had the necessary documents and authority to foreclose, and therefore cannot not be held liable for a violation of 1692f(6) even if they could be considered "debt collectors."  *See Ng v. U.S. Bank, NA*, 712 F. App'x 665, 666 (9th Cir. 2018) (upholding district court's dismissal of FDCPA claim, with prejudice, because even if plaintiff alleged violation of § 1692f, "that claim would fail because [plaintiff] cannot assert that U.S. Bank has no right "to possession of the property claimed as collateral."); *see also Thepvongsa v. Reg'l Tr. Servs. Corp.*, 972 F. Supp. 2d 1221, 1230 (W.D. Wash. 2013) (granting summary judgment in favor of defendants on FDCPA claim under 1692f(6) because note owner and loan servicer had right to effect dispossession of plaintiff's property as holder of the promissory note).

**D.     Nationstar's Letters to the Dowers were Not "Threats" Under the FDCPA.**

The Dowers point to four letters from Nationstar they contend constitute "direct threats" to foreclose in violation of the FDCPA.  But a review of those documents shows that nothing in those documents constitutes such a threat.  Congress intended the FDCPA "to protect consumers from a host of unfair, harassing, and deceptive debt collection practices without imposing unnecssary restrictions on ethical debt collectors."  *Khosroabadi v. N. Shore Agency*, 439 F. Supp. 2d 1118, 1122 (S.D. Cal. 2006).  The FDCPA was not meant to prevent information gathering, but to "curb debt collectors' improper contacts with consumer debtors."  *Id.*   In *Renick v. Dun & Bradstreet Receivable Mgmt. Servs.*, 290 F.3d 1055, 1057 (9th Cir. 2002), the ninth circuit concluded that a statement requesting prompt payment did not vioalte the FDCPA where it did not convey a threat and simply provided the plaintiff with notice of his rights.  Similarly, in *Wade v. Reg'l Credit Ass'n,* 87 F.3d 1098, 1100 (9th Cir. 1996), the ninth circuit concluded a letter directing plaintiff to "SEND PAYMENT TODAY" and warning that failure to pay could adversely affect their credit did not violate § 1692f because it was not an "unfair or unconscionable means of collecting" and was "informational" and "relatively innocuous."

44401906;1

Here, the first letter identified by the Dowers, dated March 25, 2014, explains that it "is **not** an attempt to collect a debt from you." *See* Declaration of Dale Dowers, at Ex. 8. It also expressly states, twice, that "[i]f you have been discharged from personal liability on the loan because of bankruptcy proceedings, and have not reaffirmed the loan, or if you are subject to a pending bankruptcy proceeding, this notice is not an attempt to collect a debt from you *but rather is for informational purposes only*." *Id.*[2]  Nationstar notes in the letter that it "intends to enforce the provisions of the Note and related security instrument," and that it "*may*. . . initate foreclosure action" if the default is not cured.  However, it also explains several alternatives to foreclosure, including loan reinstatement, modification, lowering of monthly payments, scheduling payments to cure the arrears, or a short sale or deed-in-lieu.  *See id.* at p. 2-3.  The letter also explains that counseling may be available through HUD.  *Id.* at p. 3. Like the letter in *Wade*, Nationstar's informational letter does not constitute a "threat" the FDCPA was designed to prevent.

The second letter the Dowers complain of is even more innocuous.  That letter, dated July 21, 2014, is a response from Nationstar, not to the Dowers directly, but to an inquiry from their attorney.  *See* Ex. 16 to Declaration of Dale Dowers.  Nationstar enclosed the certified note and security instrument that formed the basis for Nationstar's authority to foreclose on behalf of the loan owner, Wells Fargo.  Nationstar explained that, although it was the servicer of the loan, and not the note owner, there are "circumstances where the owner has given temporary possession of the loan note to the servicer," to ensure the servicer is able to perform services incident to the servicing of the loan, "such as foreclosure actions."  Nationstar goes on to explain that the account was approximately 59

---

[2] The Dowers filed bankruptcy in 2010. The bankruptcy court terminated the automatic stay as to Wells Fargo on August 31, 2010 to allow it to pursue foreclosure.  *See* Exs. G & H to MSJ.  The bankruptcy case was open at the time the Dowers initiated this action, and was closed on October 23, 2014.  *See* Case No. 10-16319-btb, at ECF No. 92 (Final Decree Discharge of Trustee and Closing of Chapter 7 Case).  Arguably, Plaintiffs' bankruptcy bars their FDCPA claim.  *See Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502, 510 (9th Cir. 2002) (affirming dismissal of plaintiff's FDCPA claim and holding that "[w]hile the FDCPA's purpose is to avoid bankruptcy, if bankruptcy nevertheless occurs, the debtor's protection and remedy remain under the Bankruptcy Code.").

7

44401906;1

payments delinquent, and gives information for the single point of contact for assistance with payment options, including modification, reinstatement, or liquidation.

The third letter, dated August 26, 2014, begins by stating in bold, all capital letters, "If you are currently in bankruptcy or have received a discharge in bankruptcy, this communication is not an attempt to collect a debt from you . . . **but is provided for informational purposes only**." *See* Ex. 17 to Declaration of Dale Dowers. Like the previous letter, this letter also explains that Nationstar is the servicer on behalf of Wells Fargo, and that the account is past due. It notes that the property "may be referred to foreclosure," but also explains that there are foreclosure alternatives, including a loan modification and a short sale. It explains Nationstar's standing to foreclose on the property as the servicer on behalf of Wells Fargo, the holder of the note and the beneficiary of the deed of trust. A full reading of the letter demonstrates that was not an "unfair or unconscionable" threat to collect a debt, but rather, was "informational" and "relatively innocuous."

Finally, the letter dated September 4, 2014, is also a response to a communication from the Dowers' attorney, again explaining that Nationstar is the servicer of the loan, and noting that Nationstar previously provided a certified copy of the note and deed of trust. *See* Ex. 23 to Dale Dowers' Declaration. Like the other letters, this letter also advises that the communication "is sent for **information purposes only** and is **not intended as an attempt to collect**, assess, or recover a claim against, or demand payment from, any individual protected by the U.S. Bankruptcy Code." The letter then acknowledges the Dowers' past attempt to pursue a loan modification, and provides a list of the documents still needed to complete the loan modification review. As with the other three letters, this can hardly be considered an unfair and unconscionable "threat" that violates the FDCPA.

None of the letters the Dowers complaint of constitute unlawful threats under the FDCPA.

. . .

. . .

8

44401906;1

### III. CONCLUSION.

The Dowers—who no longer even own the property—continue to complain about innocuous letters they received by Nationstar when they were admittedly in default. The Dowers' complaint is baseless, and they have presented no evidence to demonstrate that Nationstar or Wells Fargo meet the definition of a debt collector for purposes of 15 U.S.C. § 1692f(6), let alone that either entity violated it.

Respectfully submitted, this 27th day of April, 2018.

**AKERMAN LLP**

/s/ *Jamie K. Combs*
ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
JAMIE K. COMBS, ESQ.
Nevada Bar No. 13088
1635 Village Center Circle, Suite 200
Las Vegas, NV 89134
*Attorneys for Defendants Nationstar Mortgage, LLC and Wells Fargo Bank, N.A., individually and as Trustee for the Holders of the Banc of America Alternative Loan Trust 2003-7 Mortgage Pass Through Certificates, Series 2003-2007*

44401906;1

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 27th day of April, 2018 and pursuant to FRCP 5(b)(2)(E), I caused service via U.S. District Court's Case Management/Electronic Case Files (CM/ECF) system a true and correct copy of the foregoing **DEFENDANTS' REPLY SUPPORTING MOTION FOR SUMMARY JUDGMENT**, addressed to:

Jay A Shafer, Esq.
Mark C Fields, Esq.
**Premier Legal Group**
1333 N Buffalo Dr., Ste. 210
Las Vegas, NV 89128
*Attorney for Dale Dowers & Debra Dowers*

/s/ Doug J. Layne
An employee of AKERMAN LLP

10

44401906;1