# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DALE DOWERS, et al., | Case No. 2:14-CV-1679 JCM (PAL) |
| Plaintiff(s), | ORDER |
| v. | |
| NATIONSTAR MORTGAGE LLC, et al., | |
| Defendant(s). | |

Presently before the court is defendants Nationstar Mortgage, LLC ("Nationstar"), Wells Fargo Bank, Minnesota, N.A. individually and as trustee for the holders of the Banc of America Alternative Loan trust series 2003-2007's ("Wells Fargo Minnesota") (collectively "defendants") motion for summary judgment. (ECF No. 31). Plaintiffs Dale Dowers and Debra Dowers (collectively plaintiffs) filed a response (ECF No. 33), to which defendants replied (ECF No. 36).

**I.      Facts**

This action arises from defendants purportedly unlawful efforts to collect on a security interest in plaintiffs' property.

In April 2000, plaintiffs purchased real property located at 9408 Tournament Canyon Drive, Las Vegas, Nevada. (ECF No. 1-1, 31, 33). Plaintiffs financed their purchase with a loan in the amount of $665,000 from Bank of America. (*Id.*). On May 29, 2003, plaintiffs refinanced their mortgage with a loan in the amount of $897,500 from Bank of America. (*Id.*). Bank of America secured the loan with a deed of trust. (*Id.*).

On February 10, 2007, Bank of American assigned the deed of trust to Wells Fargo Minnesota. (ECF No. 31-4). Nationstar serviced the loan on behalf of Wells Fargo Minnesota.

(ECF No. 31-5). Over the next few years, plaintiffs possessed the property despite going into bankruptcy in 2010. (ECF No. 1-1). However, sometime in the fall of 2013 plaintiffs defaulted on the loan. On September 30, 2013, Wells Fargo Minnesota filed a notice of default, which prompted the parties to enter mediation. (ECF Nos. 31-6, 32). On February 13, 2014, the mediation office refused to issue a certificate of foreclosure because defendants and Bank of America did not submit the necessary loan documents. *See* (ECF No. 32-7).

On March 25, 2015, Nationstar sent plaintiffs a letter stating, "You are in default under the terms and conditions of the mortgage loan for failure to pay the required installments when due." (ECF No. 32-8). The letter continues, "If you do not pay the full amount of the default, Nationstar may accelerate the entire sum of both principal and interest due and payable, and invoke any remedies provided for in the Note and security instrument, including but not limited to the foreclosure sale of the property." (*Id.*). Plaintiffs allege that at the end of March 2014, a Nationstar representative called them and was "rude, bully, and abusive." (ECF No. 1-1). On April 2, 2014, plaintiffs' attorney, Mark Fields, wrote a letter to Nationstar where he asserted that Nationstar's threat to foreclose was unlawful and requested that all communications from Nationstar be directed to him rather than plaintiffs. (ECF No. 1-2).

On July 21, 2014, Nationstar sent a letter to Fields re-asserting its right to perform various activities including "foreclosure actions, bankruptcy cases, and other legal proceedings." (ECF No. 32-16). On August 26, 2014, Nationstar sent a second letter to plaintiffs stating that their home may be referred to foreclosure within fourteen days. (ECF No. 32-17). In the meantime, Fields requested for various loan documents, which Nationstar refused to produce. (ECF No. 32-18). In response, Fields accused Nationstar of falsely claiming that it possessed the necessary loan documents to foreclose. (ECF Nos. 32-19, 32-20, 32-21, 32-22). On September 4, 2014, Nationstar sent another letter to Fields, once against asserting its right to initiate foreclosure. (ECF No. 32-23).

Plaintiffs allege that these events caused them to move out from Las Vegas, experience severe emotional distress, and that Debra Dowers "cries herself to sleep from the abuse, stress, uncertainty, and lies she suffered." (ECF No. 1).

**James C. Mahan**
**U.S. District Judge**

On September 5, 2014, plaintiffs filed the instant action in state court. (ECF No. 1-1). In their complaint, plaintiffs raise six (6) causes of action: (1) violation of the Fair Debt Collection Practices Act ("FDCPA") § 1692c(a)(2); violation of the FDCPA § 1692d; violation of the FDCPA § 1692e; (4) violation of the FDCPA § 1692f(6); (5) intentional infliction of emotional distress; and (6) violation of the Nevada Deceptive Trade Practices Act ("NDTPA"). (ECF No. 1-1). On October 13, 2014, defendants removed the case to federal court. (ECF No. 1).

On December 31, 2014, this court granted defendants' motion to dismiss on all six (6) claims. (ECF No. 12). Plaintiffs appealed the court's order. (ECF No. 14). On March 31, 2017, the Ninth Circuit affirmed in part and reversed in part, holding that the court's dismissal was proper as pertaining to all causes of action except the fourth claim for violation of FDCPA § 1692f(6). *Dowers v. Nationstar Mortgage, LLC*, 852 F.3d 964 (9th Cir. 2017) (holding that § 1692f(6), unlike other sections of the FDCPA, regulates a person enforcing a security interest); (ECF No. 16).

Now defendants move for summary judgment on plaintiffs' final cause of action. (ECF No. 31).

## II. Legal Standards

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the nonmoving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to withstand summary judgment, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward

with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

By contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party need not establish a dispute of material fact conclusively in its favor. *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Id.*

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether a genuine dispute exists for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the

nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

### III. Discussion

The FDCPA "prohibits debt collectors 'from making false or misleading representations and from engaging in various abusive and unfair practices.'" *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1030 (9th Cir. 2010) (quoting *Heintz v. Jenkins*, 514 U.S. 291, 292 (1995)). The FDCPA is a remedial statute and should be construed liberally in favor of the consumer. *Id.* at 1033–34.

Two sections of the FDCPA are relevant to the court's analysis: § 1692a(6) and § 1692f(6). § 1692a(6) provides that mortgage servicers do not generally engage in debt collection under the FDCPA when they take steps to enforce a security interest. 15 U.S.C. § 1692a(6); *Dowers*, 852 F.3d at 971. However, § 1692f(6) is an exception as it includes persons who take steps to enforce a security interest. 15 U.S.C. § 1692a(6); *Dowers*, 852 F.3d at 971. § 1692f enumerates conduct that constitutes a violation of the FDCPA. Subsection (6) reads:

> (6) Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if—
> (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest;
> (B) there is no present intention to take possession of the property; or
> (C) the property is exempt bylaw from such dispossession or disablement.

15 U.S.C. § 1692f(6).

Plaintiffs allege the defendants violated § 1692f(6)(A) because they threatened to take a nonjudicial foreclosure action without authority to do so. (ECF No. 1-1); *see also Dowers*, 852 F.3d at 972 (interpreting plaintiffs' complaint to allege a violation of § 1692f(6)(A)). Defendants argue that the court should grant summary judgment for two reasons: (1) § 1693f(6) does not apply to defendants because their primary purpose is not the enforcement of security interests; and (2) defendants had a right to possess the property. (ECF No. 31).

. . .

. . .

. . .

*a. Primary purpose*

Defendants argue that the FDCPA applies only to businesses whose primary purpose is to enforce security interests. (ECF No. 31) (citing 15. U.S.C. § 1692a(6)). A plain reading of the statute shows that defendants are mistaken. § 1692a(6) in pertinent part reads:

> The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, *or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.* Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. . . .

15 U.S.C. § 1692a(6) (emphasis added). The statute provides that a debt collector is a person whose business' primary purpose is the collection of debt *or* a person who "regularly" engages in debt collection activities. *Id*.

Defendants admit in their motion for summary judgment that "Nationstar's principal business is the servicing and origination of home loans." (ECF No. 31). Defendants have also admitted, in letters that they sent to plaintiffs and Fields, that servicing home loans includes "foreclosure actions, bankruptcy cases, and other legal proceedings." (ECF No. 32-8, 32-16, 32-17). Thus, Nationstar regularly engages in debt collection activities and is a debt collector under the FDCPA.

§ 1692a(6) also provides that that the term "debt collector" includes creditors that use a third party to collect debts. 15 U.S.C. § 1692a(6) (clause (F) provides four (4) exclusions to the pertinent provision). Wells Fargo Minnesota is using Nationstar as a third party to collect plaintiffs' debts. *See* (ECF 31-5). Further, defendants have not shown that any of the exclusions under clause (F) apply. Thus, Wells Fargo Minnesota is also a debt collector within the meaning of the FDCPA.

*b. Right to possess*

Defendants argue that Wells Fargo Minnesota had an enforceable security interest that gave defendants the right to foreclose. (ECF No. 30). They are correct. When a beneficiary holds a note together with a deed of trust, the beneficiary has a right to enforce a lien on the property with

nonjudicial foreclosure. *Edelstein v. Bank of New York Mellon*, 286 P.3d 249, 154 (Nev. 2012). Here, Wells Fargo Minnesota held both a note and deed of trust when it served notice of foreclosure on plaintiffs. *See* (ECF Nos. 31-3, 31-4). Therefore, Wells Fargo Minnesota had a right to foreclose the property located at 9408 Tournament Canyon Drive, Las Vegas, Nevada. (ECF No. 31-3, 31-4). Accordingly, the court will grant summary judgment.

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' motion for summary judgment (ECF No. 31) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendants shall prepare and submit to the court a proposed judgment consistent with the foregoing within thirty (30) days of the date of this order.

DATED September 24, 2018.

_____
UNITED STATES DISTRICT JUDGE